### No. 2,274.

CATHERINE DOYLE, *et al.* APPELLANTS, *v.* EDWARD FRANKLIN, *et al.* RESPONDENTS.

EJECTMENT.—PLEADING.—DEFENDANT CAN NOT BE ENJOINED FROM CLAIMING TITLE.—JUDGMENT A BAR.—The plaintiff in an action of ejectment can not ask that he be adjudged the owner and put into possession, and that defendant be enjoined from claiming title to the land recovered. He must rely upon his judgment as a bar.

IDEM.—Where the issue is whether defendant or plaintiff has the better title; a judgment obtained by the former would be conclusive upon the title, and operate as a bar in his favor.

EJECTMENT.—BILL TO QUIET TITLE NOT AN EQUITABLE DEFENCE.—A bill to quiet title filed by defendant in an action of ejectment is not an equitable defence to the plaintiff's cause of action.

PLEADING.—MATTERS OF DEFENCE.—CROSS COMPLAINT.—Where proper matters of defence are pleaded as such, they should only be regarded as matters of defence, notwithstanding a prayer for affirmative relief at the conclusion of the answer; matters of the cause of complaint must be separately stated as a cause of action against the plaintiff, and not as a defence to the plaintiff's cause of action.

IDEM.—A plaintiff need not reply to any affirmative matter set up in defence, or by way of avoidance or counter-claim.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The facts are stated in the opinion.

*E. L. B. Brooks,* for Appellants.

The Court below erred in refusing to allow plaintiffs to introduce testimony in support of the allegations of the complaint, and in granting defendants' motion for judgment on the pleadings. The Court was led into both these errors by reason of a mistaken idea as to the theory of pleading, and by a misconception of Secs. 46 and 50 of the Practice Act. Sec. 46 of the Act provides that the answer of defendants shall contain * * *. Second, A statement of matter in avoidance—a counter claim * * * a subject matter of cross complaint. Sec. 50 provides that * * * * when the answer contains a cross complaint, the parties may answer or demur.

The answer of defendants in this case contains a series of denials of the allegations in plaintiffs' complaint, then sets up matter which, it is pretended, constituted a "further and separate answer" to the complaint, and finally set up new matter as a "further and separate defense" to the complaint.

The first of these last two answers is not a cross-complaint, requiring a reply. It is not pleaded as a cross-complaint. The answer does not state it to be a cross-complaint, but does expressly allege it to be a separate answer.

It is not good in form as a cross-complaint, it merely states certain facts, and does not pray for relief.

Again, this answer is only an affirmative method of denying plaintiffs' allegations, and is not new matter. (*Goddard* v. *Fulton*, 21 Cal. 430.) The answer does not present a cross-complaint and did not require a reply. (*Herold* v. *Smith*, 34 Cal. 122; *Jones* v. *Jones*, 38 Id. 584.)

*E. A. Lawrence*, for Respondent.

Exception is taken on the ground that the words "cross complaint" are not added after "For a further and separate defence," etc. Section 50 of the Practice Act provides that "when the answer contains a cross-complaint, the parties may answer or demur."

Section 70 of the Practice Act provides that, "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties," and Section 71 provides as follows: "The Court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties."

In *Ayers* v. *Bensley*, (32 Cal. 620), it was held that a defendant in an action of ejectment may file a bill under Section 254 of the Practice Act, to determine adverse claims.

TEMPLE, J., delivered the opinion of the Court:

The complaint in this action avers that, on the 28th of April, 1865, plaintiffs were the owners and in the exclusive possession of the premises in controversy; that, on that day, the defendant (Franklin) commenced an action against certain parties to recover the property, but the plaintiffs in this action were not made defendants in that action, and were not served with summons, and had no notice in any way of the pending of the action until the issuance and service of a writ of possession under it; that the plaintiffs were ousted

under that writ and Franklin put in possession, and is still in possession; that the plaintiffs do not claim under the defendants in the former action of ejectment, and the defendants in that suit were not tenants of plaintiff. Plaintiffs ask that the judgment be declared null and void as against them; that they be adjudged the owners and have judgment for possession; that defendants be enjoined from asserting or maintaining said judgment against the plaintiffs, and during the pending of this suit until final judgment, be restrained from asserting or maintaining the judgment or writ against the plaintiffs.

The separate answer of Franklin contains denials as to the ownership of plaintiffs, and as a separate defence, avers that defendant is owner and in possession; that plaintiffs set up some claim to the land, which claim he avers is null and void, and asks for a decree quieting his title. He also shows, as a separate defence, that plaintiffs were parties to the former suit, and that the judgment is binding on them.

When the case was called for trial, defendant requested the· plaintiff to elect whether he would proceed upon his complaint as in ejectment, or as a bill in equity, to set aside the judgment therein mentioned. Plaintiff elected to treat the complaint as a complaint in ejectment, and waived any claim to set aside the judgment of defendant against plaintiff set forth in the complaint, and stated to the Court that he should offer no proofs on that branch of the case.

The plaintiff then called a witness, and asked who was in possession of the premises at the time of the commencement of the action. The question was objected to, on the ground that all the allegations in the defendant's answer were admitted, and, under the pleadings, the plaintiff could not be allowed to offer any testimony in the case. The objection was sustained, and the ruling duly excepted to. The defendant, then, upon motion, took judgment upon the pleadings.

The complaint does not show that the defendant ever recovered judgment against the plaintiffs. It avers that the defendant obtained possession through a judgment against

other parties. The answer averred that the judgment was against the plaintiffs, and was therefore a bar. This left a plain issue of fact to be tried in this case. Of course, as a bill in equity, the complaint states no cause of action. It shows no right in plaintiff to have a judgment against other parties set aside. As a complaint in ejectment, it contained much immaterial matter, which, upon objection, would probably be stricken out, but still it contains all the material allegations of a complaint in ejectment.

It is claimed that the answer contains a cross-complaint which should have been answered by the plaintiff; and not being answered, is admitted. This cross-complaint is the averment that the defendant is the owner of the demanded premises and in possession, and that the plaintiff's claim is a cloud upon his title. These averments are set up as a defence, and not as the foundation of a claim for affirmative relief against the plaintiff. They are all appropriately matters of defence, and, except as to the possession of the defendant, are all controverted by the positive averments of the complaint, and that fact, i. e., the defendant's possession, is essential to the plaintiff's case.

We do not deem it necessary now to inquire whether a bill to quiet title may be filed as a cross-complaint by the defendant in an action of ejectment. It certainly is not an equitable defence to the plaintiff's cause of action. The plaintiff, in an action of ejectment, cannot ask that he be adjudged the owner and put into possession, and that the defendant be enjoined from claiming title to the land recovered. He must rely upon his judgment as a bar. Where the defendant claims to be the owner, the issue is whether plaintiff or defendant has the better title, and it seems reasonable to suppose that a judgment in favor of the former should be as conclusive upon the title and give the same measure of relief as to the latter; that its effect would be simply a bar in favor of either.

But however this may be, where matters which are proper matters of defense are pleaded as such, we are clear that they should be regarded only as such, notwithstanding a prayer

for affirmative relief at the conclusion of the answer. The matters of the cause of complaint must be separately stated as a cause of action against the plaintiff, and not as a defence to the plaintiff's cause of action.

It has been settled by the decisions of this Court, but is as clear from the Practice Act itself as any decision could make it, that the plaintiff need not reply to any affirmative matter set up in defence, or by way of avoidance or counter claim.

Judgment and order refused, and cause remanded.