[No. 6,543.—Department One and In Bank.]

## SAMUEL BRANNAN *v.* JOHN PATY, ADM'R, ET AL.

COUNTERCLAIM—ANSWER—PLEADING—DISMISSAL OF ACTION—RES JUDI-
CATA.—In an action to quiet title, the defendant's answer set up
matters, which if true might have defeated the plaintiff's action, and if
properly pleaded might have entitled the defendants to affirmative relief,
but which were not pleaded nominally as a counterclaim, but as a defense.
In 1865 a motion by the plaintiff to dismiss the complaint was denied on
the ground that the answer contained a counterclaim; but in 1876 the
motion was renewed and granted. Upon appeal by the defendant from
a judgment dismissing the action, Department One affirmed the judg-
ment upon the ground that where matters which are proper matters of
defense are pleaded as such they should be regarded only as such, not-
withstanding a prayer for affirmative relief at the conclusion of the
answer.

*Held,* By the Court in Bank on rehearing, while affirming the principle laid
down by the Department, that the order of the Court refusing to dismiss
the action was conclusive upon the parties, and the order dismissing it
on this account erroneous.

ID.—ID.—ID.—As respects cases arising in the future no averment in any
answer will be held to constitute a counterclaim unless it is so denomi-
nated, and the appropriate relief prayed; wanting these requisites, the
pleading will be held to be a defense only.

APPEAL from a judgment in the Fourth District Court, City
and County of San Francisco. MORRISON, J.

*Stetson & Houghton* and *Pringle & Hayne,* for Appellants.

The New York Statute is the same as ours. And under
it the New York Courts would hold that the answer in this
case amounts to a counterclaim. (*Gleason* v. *Moen,* 2 Duer,
642; *G. and H. M. Co.* v. *Hall,* 61 N. Y. 226; *More* v. *Rand
et al.,* 60 id. 208; *Myers* v. *Burns,* 33 Barb. 401; S. C. (ap-
peal), 35 N. Y. 269; *Cook* v. *Soule,* 45 How. Pr. 340; *People
ex rel. Wood etc.* v. *Draper,* 4 Abb. Pr. 333; *Xenia Bank etc.*
v. *Lee,* 2 Bos. 694; *Brown* v. *Buckingham,* 21 How. Pr. 190,
and other cases cited below.) So in Ohio. (*Wiswell* v. *First
Cong. Church,* 14 Ohio St., N. S., 33–43.) And it is within
the definition established by this Court. (*Dennis* v. *Belt,* 30
Cal. 247; *Belleau* v. *Thompson,* 33 id. 497.)

*A. N. Drown,* for Respondent.

The answer can not be regarded as a cross-complaint.

*Doyle* v. *Franklin*, 40 Cal. 110 ; *Haskell* v. *Haskell*, 54 id. 264 ; *McAbee* v. *Randall*, 41 id. 137 ; *Doyle* v. *Franklin*, 40 id. 110–111 ; *Goddard* v. *Fulton*, 21 id. 437.

Ross, J. :

This case presents an appeal from a judgment dismissing the action, and the determination of the appeal depends on the question whether the answer to the amended complaint contains a counterclaim. On both sides, the pleadings contain a mass of inappropriate matter—matter of evidence and matter which is neither of evidence nor of pleading. The main purpose of the action, however, seems to have been to have the plaintiff's alleged title to certain real property quieted. If the averments of the amended complaint were true, the appropriate relief would have been a decree to that effect, and not one to compel the execution of a deed or deeds on the part of the defendants, as the plaintiff's prayer also asked, might be required. The answer consisted of various denials of matters alleged in the complaint, and by way of "further answering," and "for a further and separate defense," set up matters which, if true, might have defeated the plaintiff's action, and which, if properly pleaded, might have entitled the defendants to affirmative relief. But all of those matters, so far as they have any place in the pleadings at all, appear to have been pleaded in defense of the plaintiff's cause of action, and not otherwise. In *Doyle* v. *Franklin*, 40 Cal. 110, the Court said : " Where matters which are proper matters of defense are pleaded as such, we are clear that they should be regarded only as such, notwithstanding a prayer for affirmative relief at the conclusion of the answer. The matters of the cause of complaint must be separately stated as a cause of action against the plaintiff, and not as a defense to the plaintiff's cause of action." In the case of *The Equitable Life Assurance Society* v. *Cuyler*, 75 N. Y. 514, in which the defendant, after making certain denials, set up in his answer, " for a second and further defense," certain matters which it was contended entitled him to affirmative relief, the Court of Appeals of New York said : " As a distinction exists between a defense and a counterclaim, when the defense is intended as a counterclaim it should be expressly stated in the answer,

so as to advise the opposite party; and in the absence of such an allegation, especially when the party defines and characterizes his answer as a defense, and it is uncertain whether a counterclaim is intended, such party is not in a position to insist that he has actually set up a counterclaim, and the answer should be construed and considered as a defense."

It is sometimes a difficult matter to draw the line between a counterclaim and a defense, and for that very reason a rule ought to be declared which will, in the future, prevent any conflict in the decisions on that subject, which might otherwise occur. We find such a rule laid down by the Supreme Court of Wisconsin, in the case of *Stowell* v. *Eldred*, 39 Wis. 630, which, with the language in which it is declared, we adopt as correct: "On former occasions this Court has had under consideration answers containing averments of fact so pleaded that it was doubtful whether counterclaims were predicated upon them, or whether they were alleged merely as defenses, and by argument and the application of various tests, the Court has determined the character of these pleadings. Should it be asserted that there is an inconsistency in those decisions, we are not prepared to dispute the assertion. The rule on this subject should be certain and uniform. In order that it may be so in the future, we take this occasion to say that hereafter no averment in an answer will be held to constitute a counterclaim, unless it is so denominated and the appropriate relief prayed. Wanting these requisites, the pleading will be held to be a defense only. It is so easy to commence a counterclaim by denominating it a counterclaim, and to close it with a demand for relief, that it is not unreasonable, and does no violence to the spirit of the Code, to require the pleader to do so."

Judgment affirmed.

McKINSTRY, J., and McKEE, J., concurred.

A rehearing having been granted, the following opinion and judgment was rendered by the Court in Bank:

Ross, J.:

When this cause was before Department One, the effect of

the order of the District Court made on the 20th day of March, 1865, denying the plaintiff's motion to dismiss the action and the resulting consequences were not considered. That order could only have been made upon the theory that the defendants' answer contained a counterclaim, for, by a provision of the Practice Act, then in force, the plaintiff was entitled to an order of dismissal unless the answer contained such a claim. (Bancroft's Practice Act, § 148.) The District Court, therefore, by its order made in 1865, denying the plaintiff's motion to dismiss the action, in effect said to the parties that the answer did contain a counterclaim. Upon that both sides appear to have rested content until January, 1876—a period of nearly eleven years—when the plaintiff gave notice of another motion to dismiss the action, which latter motion was heard April 13th, 1877, and resulted in the entry of an order on the 8th of May following, granting the motion. This order proceeded upon the theory that the answer did *not* contain a counterclaim. But the same Court had, by the order of March 20th, 1865, already determined just the reverse. All of the parties were then informed that, in the opinion of the Court, the answer of the defendants did contain affirmative matter which, if established, entitled them to affirmative relief. The defendants, therefore, were not called upon to take other steps for the protection or enforcement of their asserted claims against the plaintiff, but were justified in supposing that they would be judicially investigated, and the rights of the respective parties determined under the pleadings in the action then pending.

To permit the Court, after the lapse of eleven years, during which the statute of limitations may have barred the rights of the defendants, if they ever had any, so to change the interpretation of the answer as to prevent the defendants from being heard, would be clearly wrong. While these considerations effect a change in the judgment rendered by the Department, we adhere to the rule declared in the opinion there delivered, that as respects cases arising in the future "no averment in any answer will be held to constitute a counterclaim, unless it is so denominated, and the appropriate relief prayed. Wanting these requisites, the pleading will be held to be a defense only. It is so easy to commence a counter-

claim, by denominating it a counterclaim, and to close it with a demand for relief, that it is not unreasonable, and does no violence to the spirit of the Code, to require the pleader to do so."

Judgment reversed.

McKinstry, J., Sharpstein, J., Thornton, J., Myrick, J., McKee, J., and Morrison, C. J., concurred.