[Civ. No. 2941. First Appellate District, Division Two.—May 2, 1919.]

## C. GUIGNI et al., Respondents, v. LOUIS RATTO et al., Appellants.

[1] APPEAL—JUDGMENT BY STIPULATION—DISMISSAL.—An appeal will be dismissed where the judgment from which the appeal was taken was entered upon a stipulation.

[2] ID.—LACK OF JURISDICTION—DEFECTIVE COMPLAINT—MOTION TO DISMISS APPEAL—EXAMINATION OF JUDGMENT-ROLL.—Where upon a motion to dismiss such an appeal it is claimed that the trial court did not have jurisdiction of the subject matter of the action, or that the complaint is fatally defective, the appellate court will examine the certified copy of the judgment-roll for the purpose of determining whether or not the appeal is within either of the exceptions to the rule with reference to the dismissal of appeals from judgments entered upon stipulation.

[3] JUDGMENTS—SUFFICIENCY OF PLEADINGS—VALIDITY OF JUDGMENT BY STIPULATION.—Where the pleadings in a case are such that if the parties had gone to trial on the issues presented, a valid judgment might have been entered, a judgment entered therein upon a stipulation is equally binding.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Appeal dismissed.

41 Cal. App.—4

The facts are stated in the opinion of the court.

Sterling Carr for Appellants.

Harry I. Stafford for Respondents.

THE COURT.—The respondents move to dismiss the appeal from a judgment entered upon stipulation.

The respondents sued the appellant and fictitious defendants for unlawful detainer. After demurrer, the defendant answered on January 13, 1919. Under date of January 16, 1919, a stipulation, filed February 8, 1919, was made providing that judgment might be entered for the plaintiffs and against the defendants for restitution of the premises, cancellation of lease, and $250 damages. The stipulation further provided execution should be stayed until March 1, 1919. On February 8, 1919, judgment was signed in accordance with the terms of the stipulation, including provision for the stay of execution until March 1, 1919. By successive orders the stay was continued in force until March 20, 1919, when notice of appeal was given, and a further order was made staying all proceedings on the judgment until the "appeal shall have been dismissed or determined," upon the said defendant filing a stay bond with two sureties in the sum of three thousand dollars. A transcript on appeal has not been filed. The notice of motion for dismissal was accompanied by a certified copy of the judgment-roll, orders staying execution, and notice of appeal. No counter-showing was presented on behalf of the appellant.

[1] The respondents rely on the rule that an appeal will be dismissed where the judgment from which the appeal was taken was entered upon a stipulation. (*Hibernia Sav. & L. Society* v. *Waymire,* 152 Cal. 286, [92 Pac. 645].) On behalf of the appellant it is contended there are two exceptions to this rule, the first being in cases where the lower court did not have jurisdiction of the subject matter of the action, and the second in cases where the complaint is fatally defective. In each of these cases it is contended on behalf of the appellant that no valid judgment could be entered, even by consent, because jurisdiction cannot be conferred by agreement.

[2] It is further contended by the appellant that, under the rule that an appellate court will not look into the record to determine upon the merit of a motion to dismiss the appeal, a complete answer to the motion has been made in this case by the suggestion that there was no jurisdiction in the court below to enter the judgment. To uphold this contention would necessitate the announcement of a rule which would enable parties to litigation entirely to disregard and needlessly delay the execution of judgments entered by consent. Without going into a consideration of matters which might be presented upon the appeal, if the appeal could be sustained in the face of the stipulation, since the appellant, in opposition to the motion to dismiss, relies upon an exception to the admitted rule covering such cases, the court is constrained to examine the certified copy of the judgment-roll solely for the purpose of determining whether or not the appeal is within either of the exceptions claimed by counsel for the appellant to exist.

· The substantial averments of the complaint are that on and prior to October 15, 1917, Paul Arata and Irene Arata were the owners in fee of the premises in San Francisco, described in the complaint; that on the last-mentioned date the owners leased the premises for a term of five years, commencing on that date; that the plaintiffs entered into possession under the terms of the lease and since have been the lessees; that prior and up to that date the defendant, Ratto, was a tenant of the premises from month to month; that on that day the plaintiffs served notice in writing upon Ratto to deliver up possession and vacate the premises, and Ratto had refused, failed, and neglected so to do; that on December 17, 1918, the plaintiffs served Ratto with a written notice within three days to vacate the premises, and he had failed, neglected, and refused so to do; and, that plaintiffs had been damaged by Ratto's default in the sum of five thousand dollars.

As to the second claimed exception, it cannot be said that the complaint was fatally defective. Neither can it be said as to the first exception that the court was without jurisdiction of the subject matter of the action. The defendant demurred to the complaint on the ground that it did not state facts sufficient to state a cause of action and on the ground that it was uncertain in that it could not be ascertained from

the complaint what notice in writing was given to the defendant to deliver up possession of the premises. The demurrer was overruled; whereupon the defendant answered, denying on information and belief the lease to the plaintiffs and their entry under the lease, and averring a lease of the premises from the owners to himself from December 15, 1917, to December 15, 1918. He also denied the plaintiffs were damaged. The answer was verified on January 13, 1919. [3] If the parties had gone to trial upon the issues thus presented, a valid judgment might have been entered. The judgment entered upon the stipulation is equally binding. Even though the rule requiring dismissal of appeal in such cases may be subject to the exceptions claimed by counsel for the appellant, they have failed to bring the case within either exception.

The appeal is dismissed.

All the Justices concurred.