[L. A. No. 8251. In Bank.—July 14, 1925.]

## LENA REED et al., Respondents, v. T. C. MURPHY et al., Appellants.

[1] APPEAL—MOTION TO DISMISS—CONSENT DECREE IN PARTITION—MINUTES OF TRIAL COURT—PRESUMPTIONS.—On a motion to dismiss an appeal from a decree of partition upon the ground that said decree was a consent decree, where a certified copy of the minutes of the trial court, as corrected, shows that the appellants consented to such decree, it must be assumed that the minutes of the trial court speak the truth, as the record of the trial court cannot be altered or amended by proof made in the appellate court.

[2] ID.—CONSENT DECREE—DISMISSAL OF APPEAL.—For the purposes of such motion, it must be concluded that the appellants consented to the rendition and entry of the decree appealed from and thereby waived any errors in it; and under such circumstances the appellate court will not consider the appeal at all but will dismiss it.

[3] ID.—JUDGMENTS—SECTIONS 763 AND 764, CODE OF CIVIL PROCEDURE—JURISDICTION.—To contend that a trial court, in an action in partition, violated the provisions of sections 763 and 764 of the Code of Civil Procedure, in that it did not in and by its decree ascertain and specifically determine and declare the respective rights of the parties in and to the land to be partitioned, is but to say that the trial court erred in the exercise of its jurisdiction.

[4] JUDGMENTS—TITLE TO PROPERTY — DESCRIPTION — UNCERTAINTY.—Where in a judgment adjudicating the title to real property the

description therein is so uncertain that the court can see that nothing is described therein, such a judgment may be said to be void upon its face.

[5] APPEAL—PARTITION — JUDGMENT — DESCRIPTION.—A consent decree in partition is not void on its face where it cannot be said, in view of the record on a motion to dismiss an appeal from said decree, that the descriptions of the parcels adjudicated to the respective parties are impossible of ascertainment by reference to other portions of the record not before the court.

[6] ID.—POWER OF TRIAL COURT TO CORRECT MINUTES.—The taking of an appeal does not preclude a trial court from correcting its minutes so as to make them speak the truth.

(1) 4 C. J., p. 494, n. 79, p. 513, n. 91, p. 514, n. 96, p. 795, n. 94. (2) 3 C. J., p. 671, n. 69. (3) 3 C. J., p. 1388, n. 80 New. (4) 30 Cyc., p. 304, n. 41. (5) 30 Cyc., p. 258, n. 15, p. 304, n. 41. (6) 3 C. J., p. 671, n. 69, p. 1266, n. 12.

MOTION to dismiss appeal. Appeal dismissed.

The facts are stated in the opinion of the court.

Walter E. Byrne, George L. Greer and S. L. Carpenter for Appellants.

E. Marion Crawford for Respondents.

THE COURT.—This matter is before us upon respondents' motion to dismiss the appeal. The action is in partition. Plaintiffs, in their amended complaint, allege that the plaintiff G. E. Reed and the defendant T. C. Murphy are the owners as tenants in common of the premises described in the complaint; that the said plaintiff has an estate therein to the extent of an undivided one-half interest in fee, and that the said defendant has an undivided one-half interest and estate therein, and prays for a partition of the said real property. The answer denies that the plaintiffs, or either of them, own any interest in certain portions of the premises described in the complaint, which portions are particularly described in the answer, and alleges that the defendant T. C. Murphy is the owner in severalty of the entire fee of such described portions. It admits that the said plaintiff and defendant are the owners in common of the remainder of the premises described in the complaint and

prays that said defendant's title be quieted to the premises
described in his answer, and that the remainder of the prem-
ises described in the complaint be partitioned. The cause
came on for hearing April 19, 1924, evidence was received,
and April 21, 1924, an interlocutory decree was signed and
filed, decreeing partition of the premises described in the
complaint and appointing referees for that purpose. This
decree purports to ascertain and determine the respective
rights of the parties in the lands in question as follows:

"Wherefore, it is by the court here ordered, adjudged and
decreed that said plaintiff, G. E. Reed, under the purchases
from the Southern Pacific Railroad Company and the South-
ern Pacific Land Company is entitled to all those portions of
real property described in the amended complaint herein ac-
quired by him together with his improvements at the date of
said purchase, and is seized and possessed of an undivided
one-half interest in and to all of the remainder of said prop-
erty described in said amended complaint except as otherwise
specified herein. And that said defendant, T. C. Murphy,
under the purchases from the Southern Pacific Railroad Com-
pany and the Southern Pacific Land Company is entitled to
all those portions of real property described in the amended
complaint herein acquired by him together with his improve-
ments at the date of said purchase, and is seized and pos-
sessed of an undivided one-half interest in and to all of the
remainder of said property described in said amended com-
plaint except as otherwise specified herein."

Thereafter, and within due time the defendants took an
appeal from such interlocutory decree upon a printed tran-
script of the judgment-roll and filed their opening brief in
this court wherein they pointed out that the trial court
had failed to find upon the controverted issues tendered by
the pleadings as to title, and failed to ascertain and deter-
mine the respective rights of the parties in the land to be
partitioned. Thereupon the plaintiffs moved in the trial
court for an order correcting its minutes *nunc pro tunc* as
of April 19, and April 21, 1924, so as to make the minutes
of the court show the fact that the decree appealed from was
a consent decree entered pursuant to the consent and stipu-
lation of the respective parties in open court. After a hear-
ing thereon the trial court granted the motion and made an
order so correcting its minutes *nunc pro tunc* as of April

19th and April 21st. The minutes of April 19th relating to this proceeding as so corrected now read as follows:

"Counsel for the respective parties stipulate that an interlocutory judgment in said action in form as prepared by respective counsel for said parties be rendered and entered by the court. It is stipulated that counsel for plaintiffs and defendants will prepare such form of interlocutory judgment and submit the same to the court for rendition and entry. Thereupon, the court, without hearing further evidence, ordered the case continued until Monday, April 21, 1924, at 10 o'clock a. m."

The minutes of April 21st as so corrected now read as follows:

"This cause coming on regularly to be heard, Messrs. McNabb & Hodge, appearing as counsel for plaintiffs, and W. E. Byrne appearing as counsel for defendants, counsel for the respective parties present to the court a form of interlocutory judgment, and stipulate that an interlocutory judgment be rendered and entered by the court in accordance with said form so presented to the court, and thereupon the court renders judgment in accordance with the form of judgment so submitted."

Thereafter plaintiffs and respondents moved in this court to dismiss the appeal upon the ground that the decree appealed from was a consent decree, supporting their motion by a certified copy of the minutes of the trial court, as so corrected, and by an affidavit of the trial judge who deposed that the decree in its precise terms as signed and filed by him was prepared by counsel for the respective parties, who appeared in open court upon the date mentioned and presented the proposed decree and stipulated and consented in open court to the signing, filing, and entry thereof. Appellants submitted counter-affidavits denying that they consented to the decree as rendered and denying that any proceedings on April 21st were had in open court. **[1]** We are compelled, however, to assume that the minutes of the trial court speak the truth. The record of that court cannot be altered or amended by proof made in this court. "It would be a departure from all principle to allow a record sent to this court to be assailed by evidence of less dignity than a record." (*Boyd* v. *Burrel*, 60 Cal. 280, 284; *Warren* v. *Hopkins*, 110 Cal. 506 [42 Pac. 986].) **[2]** For the

purposes of this motion we must therefore conclude that the appellants consented to the rendition and entry of the decree appealed from and thereby waived any errors in it. "Under such circumstances the appellate court will not consider the appeal at all but will dismiss it." (14 Cal. Jur. 878, and cases cited.) It may be conceded that if a consent judgment or decree is different from or goes beyond the terms of the stipulation which forms its basis it may be set aside upon appeal or by other appropriate procedure, as it would not be in reality a consent judgment. But such is not the case here. We are compelled to conclude that the parties consented to the rendition and entry of the precise decree here appealed from. It has been suggested, though never decided, in this state, so far as we are advised, that the rule requiring dismissal of appeals from consent judgments is subject to two exceptions, the first being in cases where the lower court did not have jurisdiction of the subject matter of the action, and the second in cases where the complaint is fatally defective (*Guigni* v. *Ratto*, 41 Cal. App. 49 [181 Pac. 809]). It is not claimed that the complaint herein is in anywise defective, but appellants do contend that the interlocutory decree herein was one that the superior court had no authority to make under the statute, and that lacking such authority in the first instance it could not be conferred by stipulation of the parties. This contention is rested upon the provision of Code of Civil Procedure, section 763, that the court "must order a partition according to the respective rights of the parties as ascertained by the court," and of Code of Civil Procedure, section 764, that "in making partition the referees must divide the property . . . according to the respective rights of the parties as determined by the court." This, however, is not equivalent to saying that the court did not have jurisdiction of the subject matter of the action, and appellants do not in fact contend that it did not. [3] Their contention, as we understand it, is that the court violated these statutory provisions in that it did not in and by its decree ascertain and specifically determine and declare the respective rights of the parties in and to the land to be partitioned. This is but to say that the court erred in the exercise of its jurisdiction. We may assume for the purposes hereof that a decree or judgment which is void upon its face is open to attack by anyone,

including the parties thereto, even though they consented to its rendition. **[4]** It may be conceded, also, that where in a judgment adjudicating the title to real property the description therein is so uncertain that the court can see that nothing is described therein, such a judgment may be said to be void upon its face (*Newport* v. *Hatton,* 195 Cal. 132 [231 Pac. 987]). **[5]** But we are unable to say upon the record now before us that the descriptions of the parcels adjudicated to the respective parties herein are impossible of ascertainment by reference to other portions of the record. It is true that those descriptions are not in the least aided by any portion of the record which is now before us. We are not advised as to what evidence was introduced at the trial, but if an examination of that record should disclose that there was introduced at the trial one deed from the Southern Pacific Railroad Company and the Southern Pacific Land Company, conveying to the plaintiff G. E. Reed a specifically described portion of the premises described in the complaint, and another deed from the same grantors, conveying to the defendant T. C. Murphy another specifically described portion of the premises described in the complaint, and that no other deed was produced from either of such grantors to either of such grantees in severalty, it might be justly concluded that the descriptions in those two deeds were intended to be adopted by reference in the decree as describing the portions of the premises adjudged to the respective parties in severalty. Upon the other hand, if no such means should be found of rendering certain the description in the decree herein, the conclusion would follow that the same is void for uncertainty. But upon the present record we cannot say that it is void upon its fact (*Newport* v. *Hatton, supra*). The decree does not delegate to the referees the judicial function of trying title and determining the respective interests of the parties in the land. Their function is solely to divide the property and allot the several portions thereof to the respective parties according to their respective rights as determined by the court. If they are unable by the process above suggested to ascertain what the rights of the respective parties are as determined by the court, then, of course, they will be unable to make a partition of the premises.

[6] There is no merit in the contention that by the taking of the appeal the trial court was precluded from correcting its minutes so as to make them speak the truth (*Biaggi* v. *Ramont*, 189 Cal. 675 [209 Pac. 892]).

Concluding, as we must, that the appellants consented to the decree in the precise form in which it was rendered, that they thereby waived any errors therein, and that it is not void upon its face, there remains nothing to be reviewed upon an appeal therefrom, and the appeal is dismissed.

Rehearing denied.

All the Justices present concurred.