[L. A. No. 10465. In Bank.—December 31, 1930.]

HENRY CORNBLITH, Appellant, v. CHARLES GILMER VALENTINE et al., Respondents.

Davis & Thorne for Appellant.

John L. Bland for Respondents.

THE COURT.—This is an action for specific performance of an agreement to exchange real property. It appears that on October 4, 1926, plaintiff was the owner of an equity

in certain improved real property in Hermosa Beach, and the defendants were the owners of an equity in certain improved real property elsewhere in Los Angeles County. On that date, the parties, by an agreement in writing, agreed to exchange their respective equities, each party to assume certain designated encumbrances. The amended complaint alleges full compliance with this agreement on the part of plaintiff, and alleges the failure and refusal of defendants to perform. In addition to asking for a decree of specific performance, plaintiff asks for $500 damages, alleged to have been caused by defendants' delay in performance.

The answer first denies the execution of the contract and all of the other material allegations of the amended complaint, and in addition thereto, by way of affirmative defense, admitting the execution of the contract and the escrow, alleges the inadequacy of the consideration, and also alleges in proper form, that defendants were induced to enter into the agreement by reason of certain false and fraudulent representations of plaintiff. The answer further alleges that plaintiff was in wrongful possession of defendants' property for a period of over five months, and that during that period collected the rentals thereof; that the reasonable rental value of the premises during the period of wrongful occupation was $300; that while plaintiff was in possession of the premises he injured the real property of defendants to the extent of $300. In the prayer of the answer, in addition to asking that plaintiff take nothing by his action, defendants ask for damages in the sum of $600.

On the issues thus joined, the cause was tried by the court sitting without a jury. The trial court rendered judgment in favor of defendants, not only denying to plaintiff the relief sought, but also granting defendants damages in the sum of $250. Among other things, the trial court found that the equity of plaintiff was not equal in value to that of defendants, and that therefore the consideration was inadequate, and that the contract was not just, fair or equitable to defendants. The court also found that defendants had been induced to enter the agreement by reason of false and fraudulent representations made by plaintiff. These representations which the court found were false and fraudulent and upon which defendants relied, were that the equity

of plaintiff was equal in value to that of defendants; that plaintiff would convey to defendants all of the furniture in one of the houses; that a designated mortgage was the only encumbrance against plaintiff's property. The court found that plaintiff knew the equities were not equal in value; that shortly after entering into the agreement plaintiff carried away the furniture that he had agreed to convey and has ever since concealed and refused to deliver the same; that there were other encumbrances against the property than the one designated.

On this appeal plaintiff makes two main contentions: 1. The evidence does not support the findings; 2. The judgment in favor of defendants in the sum of $250 is not only supported by the evidence, but the court was without power to render the same for the reason that there are not proper pleadings in the nature of a cross-complaint or counterclaim upon which the same could be based.

In reference to the first contention, little need be said. It is true that the trial court made a series of findings to the effect that no written agreement had been entered into, and that no escrow had been opened and that defendants had not canceled the escrow instructions, and other preliminary and immaterial findings. It is likewise true that these findings are not supported by the evidence, being in fact contrary thereto, and obviously, through inadvertence, were copied from the answer and should not have been inserted, but as both sides necessarily rely upon the agreement of exchange and the court's judgment for either party must necessarily be based upon it, and its existence is conceded by the findings, no prejudice arises from the patent error. On the two vital issues the court, on sharply conflicting evidence, found in favor of defendants. These findings, as already set forth, were that the contract was unfair to defendants, and that the plaintiff was guilty of fraud and deceit.

On the issue of inadequacy of the consideration, the evidence most favorable to the defendants was that plaintiff's equity had a net value of $4,100, while that of defendants had a net value of $6,200. It is elementary that in actions for specific performance mere inadequacy of consideration, of itself, is sufficient to deny this relief. (Civ.

Code, sec. 3391, subds. 1 and 2.) It has been held that a difference of $1,000 in value in a $14,000 transaction is sufficient to deny this relief. (*Wilson* v. *White*, 161 Cal. 453 [119 Pac. 395].) In this case the evidence was more than sufficient to sustain the finding. This finding alone is sufficient to sustain the judgment.

■ In reference to the finding of fraud, the evidence may not be as clear as might be desired, but there is sufficient evidence to sustain the finding. It is well settled that a contract will not be specifically enforced if the defendant's assent "was given under the influence of mistake, misapprehension, or surprise" (Civ. Code, sec. 3391, subd. 4) ; or if his assent "was obtained by the misrepresentation, concealment, circumvention or unfair practices of any party to whom performance would become due under the contract, or by any promise of such party which has not been substantially fulfilled". (Civ. Code, sec. 3391, subd. 3.)

These findings, supported as they are by the evidence, are sufficient to sustain the judgment. They were the vital ones in this action, one or either of them being sufficient to deny the relief. The error of the trial court in making the findings which were not material to the issue is of no importance, and should be disregarded.

■ The finding that defendants suffered damage in the sum of $250 is likewise supported by ample evidence. The evidence indicated that plaintiff was in possession of defendants' premises for a period of over five months, and that the reasonable rental value of the premises was $57 per month. This evidence alone is sufficient to sustain the finding of damage in the sum of $250. ■ Appellant contends, however, that the trial court was without power to render such an affirmative judgment in defendants' favor for the reason that defendants did not file a cross-complaint or counterclaim. In this regard appellant cites and relies on such cases as *Doyle* v. *Franklin*, 40 Cal. 106; *McDougald* v. *Argonaut Land Co.*, 117 Cal. 87 [48 Pac. 1021]; *Brannan* v. *Paty*, 58 Cal. 330. We do not deem those cases in point. At most they hold that where matter is set up by way of defense only, with no prayer for affirmative relief, such pleading cannot be used as the basis for granting affirmative relief. But that is not the situation here presented. In

paragraphs VIII and IX of the second separate and further defense of the answer of defendants it is clearly alleged that plaintiff was in wrongful possession of the premises of defendants for over five months; that during that period plaintiff collected all the rents; that the reasonable value of such use and occupation was $60 a month, all to defendants' damage in the sum of $300. It is also clearly alleged that during plaintiff's occupation he damaged the premises to the extent of $300. In the prayer of the answer, based on the above allegations, defendants asked for judgment in the sum of $600. Plaintiff did not demur specially to this part of the answer, nor did he move to strike any part therefrom. At the trial plaintiff did not object to any of the evidence offered by defendants to prove these allegations.

Although it would undoubtedly have been better pleading to have set forth the above matter in a pleading entitled a counterclaim or cross-complaint, the rule is well settled that it is not what a pleading is called but the facts that it sets up that determine its character. In *McDougald* v. *Hulet*, 132 Cal. 154, at page 160 [64 Pac. 278, 280], the rule is stated as follows:

"We do not think it necessary to go into any nice distinctions as to the name given to the answer. Plaintiff, by bringing the defendant Boggs into court, and asking the court to find the amount due, and by allowing the court to pass upon the issue as though properly made, is estopped from now claiming that the matter was not the subject of a counterclaim. He will not be allowed to thus lull his adversary into repose until his claim is barred by the statute, and then raise a point which is lethal.

"It is not what a pleading is called, but the facts which it sets up, that determine its character. Its character and sufficiency will be determined by the court from the facts alleged in it."

The foregoing reasoning appeals to us as applicable here.

The judgment is affirmed.