[Civ. No. 11594.   First Appellate District, Division One.—January 27, 1941.]

JOSEPH E. ROBERTSON, Appellant, v. IVAN N. MAROE-VICH, Respondent.

Edward D. Mabson for Appellant.

Ivan N. Maroevich, *in pro. per.*, for Respondent.

PETERS, P. J.—On petition of appellant this court issued an order to show cause why a writ of *supersedeas* should not be granted, with a temporary stay in the meantime. Thereafter, respondent moved to dismiss the appeal on the ground that the judgment appealed from had been entered upon consent of appellant. Inasmuch as we are of the opinion that the appeal must be dismissed for the reason that the record shows that the judgment appealed from was entered upon, and with the consent of, appellant, the petition for the writ of *supersedeas* must be denied.

After judgment was rendered by the trial court in favor of respondent, appellant perfected a judgment roll appeal. In the clerk's transcript appears a minute order in which it is recited: *"Whereupon, pursuant to stipulation of counsel for respective parties,* the Court ordered judgment for defendant and cross-complainant Ivan N. Maroevich and against plaintiff and cross-defendant Joseph E. Robertson for the sum of Fifteen Hundred Dollars ($1500.00), payable within 30 days, and that said plaintiff and cross-defendant Joseph E. Robertson assume full liability for and pay to the Morris Plan Company of San Francisco the balance due on note No. 43607A amounting to the sum of $750.00 and that plaintiff Joseph E. Robertson take nothing by his complaint against Ivan N. Maroevich.

"Whereupon the Court further ordered the action dismissed as to cross-defendants Interstate Mausoleum Company, a corporation, and East Bay Mausoleum Company, a corporation.

"Findings waived in open court." (Italics ours.)

While technically this minute order is not a part of the judgment roll (sec. 670, Code Civ. Proc.), there can be no doubt of the propriety of this court considering it on this motion to dismiss the appeal, in support of the contention of respondent that the judgment subsequently entered was a consent judgment. The certificate of the clerk and trial judge certifies as to the correctness of the minute order. Under such circumstances the showing made is substantially the same as if respondent had accompanied his notice of motion to dismiss with a separate affidavit of the clerk setting forth the minute order. It should also be added that appel-

lant, both in the *supersedeas* proceeding, and on this motion, admits that the judgment was entered by, and with, his consent.

The law is well-settled that an appeal will be dismissed, on motion, upon a showing that the judgment appealed from was entered upon the consent of appellant. Under such circumstances the appellant is conclusively presumed to have waived all errors, at least those not going to the jurisdiction of the court. (*Reed* v. *Murphy*, 196 Cal. 395 [238 Pac. 78]; *Hibernia Savings etc. Soc.* v. *Waymire*, 152 Cal. 286 [92 Pac. 645].) As was said in *Adams* v. *Southern Pac. Co.*, 109 Cal. App. 728, 731 [293 Pac. 681]: ''It is well-settled law in California that a party cannot object to a judgment, order or ruling consented to by him. [Citing cases.] This court will not disturb an order or judgment on an appeal taken by a party who consented thereto.''

Appellant does not challenge the correctness of this rule, nor deny that the judgment was predicated upon a stipulation in which he participated, but contends that the above rule has no application where the trial court has no jurisdiction to enter the judgment, and that in the instant case the judgment entered was beyond the jurisdiction of the trial court. In *Reed* v. *Murphy, supra,* it was intimated that such an exception to the rule may exist. (See, also, *Guigni* v. *Ratto,* 41 Cal. App. 49 [181 Pac. 809].) The exception contended for is based on the rule that jurisdiction over the subject matter may not be conferred on a court by the consent of the litigants.

If it be assumed that a litigant, after stipulating to the entry of a judgment against him, may, nevertheless, appeal on the ground that the court had no jurisdiction of the subject matter, such assumption is of no avail to appellant in the present case. The record here on file demonstrates that the trial court had jurisdiction over the subject matter of the action.

The pleadings are not as clear as might be desired. The complaint was filed in the Municipal Court of San Francisco. It is therein alleged that appellant, as an accommodation to respondent, executed a promissory note to the Morris Plan Company in the sum of $1250, which respondent agreed to pay; that respondent has omitted to make payments past due on the note; that by reason thereof appellant has been dam-

aged in the sum of $1250, for which amount he prays judgment. He also requested $250 for attorney's fees. It is not alleged that appellant paid the note. This complaint stated a cause of action within the jurisdiction of the municipal court (sec. 89, Code Civ. Proc.).

Thereafter, respondent filed a pleading entitled, "Answer to Complaint, and Cross-Complaint". By the answer respondent admitted that he solicited appellant to sign the note, but denied that such solicitation was for the sole benefit of respondent. Respondent further admitted that he promised to pay the note, but alleged that, "plaintiff [appellant] agreed to assist said defendant [respondent] in the payment of said promissory note by paying to said defendant moneys due and past due on account of attorney's fees, but that said plaintiff has failed to pay any money or moneys to said defendant, necessitating the full obligation relative to said payments to be assumed and borne by said defendant". In another paragraph of the answer respondent alleges that appellant has failed to perform his promises "relative to payments to be made by said plaintiff [appellant] to said defendant [respondent] on account of attorney's fees due and past due to be applied in liquidation of said note". Respondent denies that appellant has been damaged in any sum.

In his so-called cross-complaint respondent alleges that, within two years last past, appellant and two corporations became indebted to him in the sum of $6,000 for legal services performed by respondent for appellant, of which a balance of $5,645 was alleged to be due and owing. In a second count respondent alleges that appellant and these companies became indebted to him in the sum of $5,645 upon an account stated.

In an answer and amended answer to the cross-complaint appellant seems to deny allegations of the first count of the cross-complaint, while admitting the same allegations contained in the second count of the cross-complaint.

Upon the filing of this cross-complaint a judge of the municipal court, inasmuch as the cross-complaint prayed for judgment in an amount in excess of the $2,000 jurisdictional limit of that court, ordered the cause transferred to the superior court.

It is the theory of appellant that the superior court had no jurisdiction of the action because, to use his language, the

''cross-complaint is not based upon the transaction or matter or happening upon which appellant's action was brought in the court below, nor does it affect the obligation to which plaintiff and appellant's action relates, and it does not state facts nor supply grounds sufficient to constitute a cause of action for cross-complaint against plaintiff and appellant''.

This contention that the cause ought not to have been transferred to the superior court, and that, therefore, the superior court had no jurisdiction, is clearly without merit. Section 396 of the Code of Civil Procedure provides that when an action is commenced in a court which has jurisdiction, but ''it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a counterclaim arising out of the transaction set forth in the complaint or petition as the foundation of the plaintiff's claim, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding and certify the pleadings . . . to a court having jurisdiction thereof . . . ''.

Under this section, when a counterclaim arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or a cross-complaint, is filed by defendant in excess of the jurisdictional limit of the municipal court, that court must transfer the cause to the superior court. The latter court then has complete jurisdiction of the controversy. (*Stratton* v. *Superior Court*, 2 Cal. (2d) 693 [43 Pac. (2d) 539]; *Todhunter* v. *Smith*, 219 Cal. 690 [28 Pac. (2d) 916].) The obvious purpose of this statute is to require that the entire controversy shall be determined in one action. The same fundamental concept is embodied in a 1939 amendment to section 439 of the Code of Civil Procedure. In that year the following sentence was added to the section: ''If the defendant pleads a counterclaim in an amount in excess of the jurisdiction of the court in which the action is filed, the court shall thereupon order the case transferred to a court whose jurisdiction extends to the amount of the counterclaim.''

It is to be noted that section 396 of the Code of Civil Procedure quoted, *supra,* applies to both a counterclaim and

cross-complaint. Respondent designated his pleading as, "Answer to Complaint, and Cross-Complaint". However, the nature of a pleading will be determined from its allegations regardless of its designation. (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [292 Pac. 474]; *Cornblith* v. *Valentine*, 211 Cal. 243 [294 Pac. 1065].) This pleading, although designated a cross-complaint, is probably a counterclaim, since it, like the complaint, prays for a money judgment. (*Luse* v. *Peters*, 219 Cal. 625 [28 Pac. (2d) 357].) The only importance, so far as this proceeding is concerned, as to whether the pleading is a counterclaim or cross-complaint is that a cross-complaint must relate or depend "upon the contract, transaction, matter, happening or accident upon which the action is brought" (Code Civ. Proc., sec. 442), while a counterclaim, under section 438 of that code, need only "tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action".

■ A counterclaim no longer need be related to, or connected with, the cause of action set up in the complaint. (*Terry Trading Corp.* v. *Barsky, supra; Luse* v. *Peters, supra.*) This becomes important because section 439 of the Code of Civil Procedure as amended in 1939, *supra,* requires the cause to be transferred to the superior court when any counterclaim in excess of the jurisdiction of the municipal court is filed. ■ It is not required under that section, as it is by section 396 of the Code of Civil Procedure quoted, *supra,* that the counterclaim arise "out of the transaction set forth in the complaint". If the questioned pleading is a counterclaim, then under section 439 of the Code of Civil Procedure the municipal court properly transferred the cause to the superior court, and the latter court clearly had jurisdiction of the subject matter, whether or not the transaction set forth in the counterclaim arose out of, or was connected with, the transaction set forth in the complaint.

■ However, even if the pleading is a cross-complaint, or if section 396 of the Code of Civil Procedure is controlling, so that in either event it would have been improper to transfer the cause to the superior court unless the matter set forth in the cross-complaint or counterclaim arose out of, or was connected with, the transaction set forth in the complaint, nevertheless we are of the opinion that the transaction set

forth in this pleading arose out of, or was connected with, the transaction set forth in the complaint. The allegations of the so-called cross-complaint are such as to clearly show that they refer to the same transaction as is set forth in the answer. The answer alleges that appellant agreed to assist respondent in paying the note by paying to respondent moneys past due for attorney's fees. ▮ If this be so, and, for purposes of jurisdiction, these allegations must be accepted as true, the transaction set forth in the so-called cross-complaint was integrally connected with, and arose out of, the transaction set forth in the complaint—in fact, the execution of the note and respondent's promise to pay it were part of the very transaction set forth in the so-called cross-complaint. To defeat recovery on the cause of action set forth in the complaint respondent alleged that appellant, at the time the note was executed, agreed to pay a debt owing to respondent, and that respondent was to use these funds to pay the note. A rule that would require respondent to defeat his liability in the municipal court in the action on the note by showing that his agreement to pay the note was conditioned upon appellant paying the indebtedness, and then compel him to sue in the superior court to recover the balance of the indebtedness, would tend to defeat the very purpose of sections 396 and 439 of the Code of Civil Procedure. Those sections were intended to prevent such piecemeal trying of cases.

For the foregoing reasons appellant's contention that the superior court did not have jurisdiction of the subject matter is without merit. Appellant having stipulated and consented to the entry of the judgment, under the authorities already cited, cannot lawfully appeal, and the appeal should be dismissed. Since this is so, the petition for the writ of *supersedeas* must be denied.

The petition for the writ of *supersedeas* is denied and the order to show cause with a temporary stay is discharged; the motion to dismiss the appeal is granted and the appeal dismissed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing was denied February 26, 1941, and appellant's petition for a hearing by the Supreme Court was denied March 28, 1941. Peters, J., *pro tem.*, took no part in the consideration or decision of this matter.