[Civ. No. 14121.  Second Dist., Div. One.  Nov. 15, 1943.]

DONALD P. LANE, as Special Administrator, etc., Plaintiff, v. LAUREL EDWARD SMITH et al., Respondents; MARY ELLEN WILSON, Intervener and Appellant.

A. Brigham Rose for Appellant.

Newton M. Todd and Fred A. Watkins for Respondents.

DORAN, J.—This is an appeal by intervener from an adverse judgment in an action by intervener to enjoin the sale of certain property by the trustee of a trust deed after default.

Briefly, the record reveals that Edward N. Wilson, a man 80 years of age, married Mary Ellen Wilson, intervener herein, December 10, 1938. A few days before, Wilson had taken his nephew Laurel Edward Smith to the office of Lane and Lane, attorneys for Wilson, where, at his, Wilson's, direction, the trust deeds in question were prepared. They were executed and acknowledged on December 12th and later recorded. One of the trust deeds secured a note in the sum of $11,341 payable to the estate of Emma Wilson Smith, deceased, sister of trustor, and was the renewal of a trust deed to secure a like amount executed in 1931. The other secured a note in the sum of $4,016 in favor of said Laurel Edward Smith. Both were due one year from date.

In March, 1939, Smith, in appropriate proceedings, was appointed guardian of the person and property of Wilson, who later was confined in a sanitarium. Thereafter, Smith petitioned the court to be relieved as guardian, which was granted, and Mary Ellen Wilson was appointed guardian of the person and estate of her husband Edward N. Wilson.

Upon learning of the contemplated sale under the trust deeds in question, appellant, as guardian, commenced an action to enjoin said sale on the grounds of fraud, undue

influence and lack of consideration. The cause was set down for trial and the day before the trial, Wilson died.

Lane, one of Wilson's attorneys, was appointed administrator of Wilson's estate, whereupon leave was granted for appellant to intervene to litigate the issues raised by the original complaint and afterwards incorporated in the suit in intervention. With certain exceptions, defendants denied by answer generally and specifically the allegations contained in intervener's complaint and also set up separate defenses.

The trial court found in favor of defendants and against intervener on all issues but, in the last numbered finding of fact, to wit, number thirteen, the court found as follows: "The Court finds that the allegations contained in Paragraphs I, III and IV of Defendants' Second and Separate Defense in Defendants' Answer to Plaintiff's Complaint, and each of them are *untrue*." (Italics added).

Paragraph I of the defendants' separate and second defense admitted that, for a valuable consideration, the $11,341 note and trust deed was executed and delivered by Edward N. Wilson. Paragraph III alleged the default and Paragraph IV alleged that at the time said note and deed of trust were executed, Wilson was sound in mind and body and was in all respects competent to transact business.

It is contended on appeal that the above finding causes an irreconcilable conflict in the findings on material issues and hence does not sustain the judgment. That such contention is supported by the general rule there can be no question.

Respondents, however, contend that the use of the word "untrue" instead of "true" in finding XIII was an error and hence should be corrected. In that connection respondents challenge appellant to point to any evidence in the record tending to support the alleged erroneous findings. Appellant answers the challenge as follows: "Appellant submits that she is not bound to go beyond her prima facie case, and review the entire record, pleadings, exhibits and testimony in an attempt to sustain the rule governing irreconcilable findings. Nor is the District Court bound to search the record for the purpose of determining whether or not there is conflicting evidence."

The above reply is unavailing. The record reveals that the only offering by appellant in support of the alleged fraud, etc., was the cross-examination of two witnesses under section 2055 of the Code of Civil Procedure. As contended by

respondent there is no evidence to support the erroneous finding. Moreover, there is no conflict in the evidence. The decisions relied on by appellant have no application to the situation here presented. Appellant points to no other error in the record and the error relied on is inadequate and trivial in the extreme. To warrant a reversal an error must be genuine and substantial, at least to some extent.

It should be noted that a reversal of the judgment herein on the grounds of inconsistent findings, in the circumstances, would be to no purpose. In any event a new trial would not be ordered, but the cause remanded only for the purpose of correcting the error which the trial court was without jurisdiction to correct at the time when such error was discovered. Moreover, the finding could be modified or corrected by the judgment on appeal if necessary. (sec. 956a, Code Civ. Proc.) The evidence justifies only one finding, namely, that the allegations contained in paragraphs I, III and IV of defendants' second and separate defense in defendants' answer to plaintiff's complaint, and each of them are *true*. In such circumstances no prejudice can result from the finding in question.

The following language in *Cornblith* v. *Valentine*, 211 Cal. 243, at 246 [294 P. 1065], in part, is applicable here. "It is true that the trial court made a series of findings to the effect that no written agreement had been entered into, and that no escrow had been opened and that defendants had not canceled the escrow instructions, and other preliminary and immaterial findings. It is likewise true that these findings are not supported by the evidence, being in fact contrary thereto, and obviously, through inadvertence, were copied from the answer and should not have been inserted, but as both sides necessarily rely upon the agreement of exchange and the court's judgment for either party must necessarily be based upon it, and its existence is conceded by the findings, no prejudice arises from the patent error." (See, also, *Thayer* v. *Tyler*, 169 Cal. 671 [147 P. 979].)

The judgment is affirmed.

York, P. J., and White, J., concurred.