306

[Civ. No. 8119.  Third Dist.  May 26, 1952.]

R. A. FARISH, Plaintiff and Appellant, v. M. W. BROWN, Defendant and Appellant.

R. P. Stimmel, Frank W. Shuman and L. C. Smith for Plaintiff and Appellant.

John G. Evans for Defendant and Appellant.

SCHOTTKY, J. pro tem.—Plaintiff filed an action in the Municipal Court of San Francisco.  His complaint was based upon an "open book account" and alleged that defendant became indebted to plaintiff for two motor trucks sold and delivered to defendant, in the sum of $2,000 plus $60 sales tax; that defendant was entitled to a credit of $850 for two automobile tires, leaving a balance due to plaintiff of $1,210.

On November 30, 1950, a demurrer to the complaint was filed and notice of motion given for change of venue to Shasta County.  It appears from the briefs, but not from the record, that the motion for change of venue was denied, and on appeal the Appellate Division of the Superior Court of the City and County of San Francisco reversed the municipal court order denying the motion for change of venue.  Pending this appeal, and on December 29, 1950, defendant filed in said municipal court what he denominated as "Answer and Cross-complaint and Counter-claim."  In his answer

defendant denied any indebtedness to plaintiff, "and for a separate and further defense and by way of counter-claim and cross-complaint and a first cause of action, cross-complainant complains of cross-defendant and alleges" that prior to March 23, 1950, cross-defendant became indebted to defendant and cross-complainant upon an oral contract in the sum of $1,066.34 for goods, wares and merchandise sold and delivered in Shasta County, which sum plaintiff and cross-defendant promised and agreed to pay, which was not paid, and prayed for the $1,066.34 with interest from March 23, 1950. A second count was added for the same $1,066.34 except alleging "reasonable value" instead of "agreed" sum. In the third defense "and by way of counter-claim and cross-complaint" defendant alleged that prior to March 23, 1950, plaintiff and cross-defendant was the owner of four described motor trucks and in Shasta County plaintiff "sold and delivered, or caused to be sold and delivered," to defendant and cross-complainant the said four trucks at the agreed price of $2,000; that by the agreement, defendant was to pay for the four trucks when they were delivered; that defendant was ready to receive and demanded possession of the four trucks but plaintiff failed and refused to deliver them and has made only two of said trucks available and by reason thereof defendant has been damaged in the sum of $1,500. Defendant prayed for $1,066.34 with interest thereon from March 23, 1950, at seven per cent (7%) per annum, for $1,500 for damages, and for costs.

On May 18, 1951, the case was ordered transferred to Shasta County, the record being filed there on May 28, 1951. On June 7, 1951, the clerk entered the default of plaintiff, and on the same day a judgment, signed by Judge Ross, was filed, which judgment was in favor of defendant upon his cross-complaint for $2,566.34, with interest and costs.

Promptly thereafter, by a notice dated June 14, 1951, plaintiff gave notice that on June 25, 1951, he would move the Shasta County court for an order setting aside said default judgment on the grounds: (1) Excusable mistake; (2) that the pleadings of the defendant constituted counterclaims and not a cross-complaint, and that a default judgment thereon was improper.

In support of the motion, the attorney for plaintiff made an affidavit in which he stated that he prepared a demurrer to defendant's counterclaim designated as "Answer and Cross-Complaint and Counter-Claim," and gave it to his then sec-

retary, Mary Shaw-Reilly, with instructions to mail same to the clerk of the Municipal Court of the City and County of San Francisco, and a copy thereof to counsel for the defendant; that she inadvertently filed the demurrer in the office file instead of mailing it as directed, and her failure to mail said demurrer was not discovered until June 8, 1951; that she died January 21, 1951, and the demurrer was prepared January 8, 1951. Defendant filed an affidavit opposing the motion. In deciding the motion Judge Eaton filed an opinion and order which stated:

". . . [T]he Court finds:

"(a) That excusable neglect justifying relief from entry of default is not shown.

"*Doyle* v. *Rice Ranch Oil Co.*, 28 Cal.App.2d 18 [81 P.2d 980].

"(b) That nevertheless, default was entered improperly and inadvertently herein, in that defendant's pleading is in fact a counter-claim and not a cross-complaint, and hence does not require in its turn to be pleaded to.

"Section 462, CCP

"In that defendant's pleading neither brings in new parties nor seeks any new *kind* of relief, it is not a cross-complaint, though it not only tends to defeat plaintiff's recovery, but goes further and claims a balance of money due defendant.

"Section 626, CCP

"*Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916].

"Plaintiff's demurrer and answer to defendant's pleading are inappropriate and will not be filed herein.

"*The motion to set aside the default and vacate the judgment entered thereon is therefore granted.*"

Defendant has appealed from the order setting aside the default and argues that his pleading was a cross-complaint and not a counterclaim, and that, therefore, the court erred in setting aside the default judgment.

Plaintiff has filed a cross-appeal from the portion of the order which finds that no excusable neglect was shown justifying relief from the entry of default.

We shall first consider the appeal of defendant, because if we conclude that the court correctly determined that the pleading in question was a counterclaim instead of a cross-complaint it will be unnecessary to discuss plaintiff's appeal.

In the recent case of *Case* v. *Kadota Fig Assn.*, 35 Cal.2d 596, our Supreme Court said, at page 603 [220 P.2d 912]:

"A counterclaim is not an independent pleading, and may

stand or fall in conjunction with the answer. Section 438 of the Code of Civil Procedure provides that the counterclaim '. . . must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action. . . .' Also, by statute: 'If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor.' (Code Civ. Proc., § 439.)

" '. . . [U]nder our system of procedure, there is a very shadowy line of distinction between a cross-complaint and a counterclaim and a considerable area in which they overlap.' (*Schrader* v. *Neville*, 34 Cal.2d 112, 114 [207 P.2d 1057].) Moreover, '. . . it is well established that as between a counterclaim and a cross-complaint the nature of the pleading will be determined from its allegations regardless of its designation. (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [292 P. 474]; *Cornblith* v. *Valentine*, 211 Cal. 243 [294 P. 1065]; *Robertson* v. *Maroevich*, 42 Cal.App.2d 610 [109 P.2d 708].)' (*Schrader* v. *Neville, supra*, p. 114.) Therefore, regardless of the caption and introduction of Kadota's pleading, it may be treated as a counterclaim, if it satisfies the statutory requirements for a pleading of that kind.

"In *Elevator Operators etc. Union* v. *Newman*, 30 Cal.2d 799, 808 [186 P.2d 1], the sole requisites of a counterclaim were said to be that it ' ". . . must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action." (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [292 P. 474], *Luse* v. *Peters, ante*, p. 625 [28 P.2d 357].)' Kadota's claims for damages resulting from breach of contract by Case-Swayne tended to diminish or defeat the similar claim by Case-Swayne against the association. It was a claim in favor of a defendant and against a plaintiff between whom a several judgment might be, and in fact was, rendered. Had Kadota not presented its claim in the action, the right to recover damages against Case-Swayne would have been waived (Code Civ. Proc., § 439.)

"For these reasons, Kadota's pleading was a counterclaim as well as a cross-complaint, and the omission of the names of the individual members was not fatal. . . ."

And in *Luse* v. *Peters,* 219 Cal. 625 [28 P.2d 357], the court said at page 630:

"Under the 1927 amendment to section 438 of the Code of Civil Procedure, the sole requisites of a counterclaim are that it 'must tend to diminish or defeat the plaintiff's recovery, and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action.' Under this amendment it is not necessary that there be any connection between the cause of action set up in the complaint and that which forms the basis of the counterclaim. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428, at p. 435 [292 P. 474, 477].) The facts of the cited case are particularly germane to the case now before us. In that case plaintiff sued on a note given for services performed by virtue of a written contract. In the instant case the plaintiff sued for the price of goods sold under a written contract. There, as here, the defendant averred an assignment to plaintiff of accounts receivable and prayed for an accounting. Defendants therein also prayed for damages for failure of the services performed by plaintiff to comply with the contract. In the instant case defendants seek damages because, they allege, the product sold to them was not as represented by plaintiff. In disposing of the appeal in *Terry Trading Corp.* v. *Barsky,* we held that obviously the claims for accounting and damages were the subject of counterclaim under the section as amended, and, further, that even prior to the amendment the matters alleged would have been a valid counterclaim not only 'as a cause of action also arising upon contract' under subdivision 2 of section 438, but also a cause 'arising out of the transaction set forth in the complaint,' under subdivision 1 as it formerly read. The nature of the pleading will be determined from its allegations regardless of its designation. (*Terry Trading Corp.* v. *Barsky, supra,* at p. 434; *Cornblith* v. *Valentine,* 211 Cal. 243 [294 P. 1065].) 'The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction.' [Citing cases.] It follows that the court erred in entering judgment against plaintiff by default for $6,000."

■ · In view of these authorities we are convinced that the trial court was correct in its conclusion that the three separate defenses of defendant, although designated as "by way of counter-claim and cross-complaint" were in fact counterclaims, and that therefore the default and default

judgment against plaintiff were erroneously entered because a counterclaim is part of defendant's answer and under section 462 of the Code of Civil Procedure is deemed controverted without the necessity of any pleading.

No other points raised require discussion.

The order setting aside the default and vacating the judgment is affirmed, plaintiff to recover his costs of appeal.

Adams, P. J., and Van Dyke, J., concurred.

A petition for a rehearing was denied June 12, 1952.