Filed 4/28/15; pub. order 5/21/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WHITNEY R. LEEMAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ADAMS EXTRACT & SPICE, LLC,<br><br>        Defendant and Respondent. | A142321<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-13-529493) |

## I.

## INTRODUCTION

This appeal arises from a private enforcement action filed by appellant Whitney R. Leeman, Ph.D. (Leeman), pursuant to Health and Safety Code sections 25249.5 et seq., known as Proposition 65. The complaint alleged that respondent Adams Extract & Spice, LLC (Adams) was in violation the provisions of Proposition 65 by failing to issue an adequate warning that its product contained a chemical identified on the Governor's list "of those chemicals known to the state to cause cancer or reproductive toxicity . . . ." (Health & Saf. Code, § 25249.8, subd. (a).) In addition to other remedies, Proposition 65 provides that if the plaintiff is successful in bringing an action, he or she is entitled to recover attorney fees under Code of Civil Procedure section 1021.5. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 560-561.)

The parties ultimately settled their dispute shortly before trial. The settlement included a stipulated award of $72,500.00 for attorney fees and costs, incurred by Leeman relating to the investigation, litigation and settlement of the case.

In confirming the settlement, the court modified the attorney fee amount by reducing it by almost exactly 50 percent to $35,839.67. A subsequent motion was made to correct and modify the judgment by, inter alia, increasing the fee award to that agreed to by the parties.

1

Adams joined in the motion. While modifying the judgment in another respect not material to this appeal, that portion of the motion relating to attorney fees was denied without comment.

We agree with Leeman that the trial court committed reversible error in unilaterally modifying that single provision in the parties' settlement agreement and stipulated consent judgment relating to attorney fees. Therefore, we reverse and remand the case for further proceedings consistent with this opinion.

## II.

### FACTUAL AND PROCEDURAL BACKGROUNDS

Leeman filed a complaint seeking civil penalties and injunctive relief against Adams on March 13, 2013, in San Francisco Superior Court. The complaint alleged that Adams included a carcinogenic chemical known as 4-Methylimidazole (4-MEI) in its food extracts, flavoring, and food coloring products without an adequate warning as required by Proposition 65, because 4-MEI was a chemical listed by California as known to cause cancer. In addition to preliminary and permanent injunctions requiring Adams to provide a "clear and reasonable warning" about the inclusion of 4-MEI in its products, the complaint sought civil penalties against Adams, pursuant to Health and Safety Code section 25249.7, subdivision (b), in the amount of $2,500.00 for each day of its violation of Proposition 65. The following month, Adams filed its answer to the complaint generally denying the complaint's allegations, and asserting 18 separate affirmative defenses to the action.

Ten months later, in February 2014, Leeman's counsel filed a motion to approve a settlement that had been reached between the parties, and to issue a consent judgment stipulated to by the parties. The proposed stipulated consent judgment was 13 pages long, and sought to resolve the Proposition 65 issues by including provisions under which Adams would pay $20,000.00 in civil penalties (subject to a downward adjustment if the offending chemical was timely removed from Adams's product). It also included the following term: "The parties acknowledge that Dr. Leeman and her counsel offered to resolve this dispute without reaching terms on the amount of fees and costs to be reimbursed to them, thereby leaving this fee issue to be resolved after the material terms of the agreement had been settled. Dr. Leeman expressed a desire to resolve the fee and cost issue shortly after the other settlement terms had been finalized. The parties then attempted to (and did) reach an accord on the compensation due to Dr. Leeman and her counsel under general contract principles and the private attorney general doctrine,

2

codified at Code of Civil Procedure section 1021.5, for all work performed through the mutual execution of this agreement. Adams shall, on or before the Effective Date, pay $72,500.00 for fees and costs, including without limitation, all attorney[] fees, costs and expenses incurred as a result of investigating, bringing this matter to Adams's attention, and negotiating a settlement in the public interest."

The motion sought court approval of the settlement under Health and Safety Code section 25249.7, subdivision (f)(4), and requested that the settlement be entered as a judgment pursuant to Code of Civil Procedure section 664.6, serving the motion on the California Attorney General as required by Health and Safety Code section 25249.7, subdivision (e).[1] Attorney fees and costs in the stipulated amount were sought under Code of Civil Procedure section 1021.5. As to the fees, the motion noted that the amount to which the parties stipulated, $72,500.00, was substantially less than the $102,000.00 in fees and costs actually incurred in investigating, litigating, and in the anticipated future enforcement-related activity Leeman and her attorneys had and would incur.

The motion was accompanied by the declaration of Clifford Chanler, one of the attorneys representing Leeman. Attached to Chanler's declaration was Exhibit B, a breakdown of the time, hourly rates, tasks and the identity of the person performing the services. The fee request was broken down into six categories of attorney-related tasks: investigative fees, notice fees, litigation fees, settlement fees, approval fees, and associated costs totaling $839.67. Hourly rates ranged from $120.00 to $895.00 per hour, depending on the person involved in the work task. The text of Chanler's declaration described in detail the work the attorneys and staff completed in each fee category, indicating that the amount negotiated by the parties and contained in the proposed consent judgment was approximately 70 percent of the lodestar amounts actually incurred for the covered work.

The matter came on for a brief hearing on April 7, 2014. As to the matter of the fee and cost request, the transcript of that hearing included the following exchange between the court and appellant's trial counsel:

"THE COURT:     And you're seeking $72,500 in attorney fees?

"MR. HAVESON:     Yes, Your Honor.

---

[1] Although the Attorney General's Office requested modification of certain aspects of the settlement agreement, no objection was voiced as to the provision regarding attorney fees.

"THE COURT:  Did I miss the declaration with your time?

"MR. HAVESON:  There is a declaration where we provide a summary and detail of the time with what was done.  I have an additional copy.

"THE COURT:  Well, was it in the papers that are in front of me?

"MR. HAVESON:  I do believe that we filed—

'THE COURT:  Where is it?

'MR. HAVE50N:  It is titled 'Declaration of Clifford A. Chanler in Support of Motion to Approve Proposition 65 Settlement and Consent Judgment.'  This would have been filed on February 7th.

"THE COURT:  Well, where are the details about the attorney[] fees?

"MR. HAVESON:  It begins on page four at paragraph 13 and continues, I believe, until the end of the document.

"THE COURT:  Well, it makes a reference to Exhibit B.  These are your summaries.  Is that what you mean?

"MR. HAVESON:  Yes, Your Honor.  [¶] We have divided the tasks by category, by attorney initials, other para-professional initials, the hourly rate, the number of hours incurred for that particular stage of the litigation, and the total. fees.

"THE COURT:  I will take this under submission. I think some of these hourly rates are rather extensive.

"MR. HAVESON:  If I may, Your Honor, the actual amount that Plaintiff and Defendant have agreed to is a substantial discount from the rates that have been stated.

"THE COURT:  Well, I'll take it under submission.

"MR. HAVESON:  Okay.  If there is any further briefing Your Honor requires, we would be happy to provide it.  Thank you."

Later that same day the judge signed an order that approved the settlement and consent judgment except the judge reduced the amount of fees and costs from the $72,500.00 agreed to between the parties to $35,839.67.  No explanation for doing so was given.

Eight days later an ex parte application was made by Leeman to modify the court's earlier judgment in several respects, including reinstating the full amount of the attorney fees and costs agreed to by the parties, and set forth in the originally proposed consent judgment.  This ex parte application was followed by a noticed motion filed on April 25, 2014, seeking the same

4

relief.  The motion, which was joined in by Adams, included a specific request that the court reinstate the amount of attorney fees and costs to be awarded to Leeman, consistent with the parties' settlement agreement.

On May 21, 2014, the judge granted the motion to correct and modify the judgment as requested, except the court refused to modify its earlier reduction in attorney fees and costs.  No explanation for refusing to do so was provided by the court.  An amended judgment reflecting the court's May 21 order was filed that same day.  This timely appeal followed.

Adams has not filed a respondent's brief on appeal.

## III.

## DISCUSSION

"[Code of Civil Procedure] [s]ection 664.6 permits a court to enter judgment pursuant to the terms of a settlement if the parties stipulate orally before the court or in writing to settle all or part of a case.  [Citation.]"  (*Skulnick v. Roberts Express, Inc*. (1992) 2 Cal.App.4th 884, 889 (*Skulnick*).)  Section 664.6 provides in pertinent part: "If parties to pending litigation stipulate . . . orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment *pursuant to the terms of the settlement*."  (Italics added.)

A settlement agreement is interpreted according to the same principles as any other written agreement.  (*Gouvis Engineering v. Superior Court* (1995) 37 Cal.App.4th 642, 649.)  It must be interpreted to give effect to the mutual intent of the parties as it existed at the time, insofar as that intent can be ascertained and is lawful.  (Civ. Code, § 1636; *Ticor Title Ins. Co. v. Rancho Santa Fe Assn*. (1986) 177 Cal.App.3d 726, 730.)  If the language of the agreement is clear and explicit and does not involve an absurdity, determination of the mutual intent of the parties and interpretation of the contract is to be based on the language of the agreement alone. (Civ. Code, §§ 1638, 1639; *Sass v. Hank* (1951) 108 Cal.App.2d 207, 211.)

While the court may interpret the terms of the parties' settlement agreement, "nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon."  (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810, italics omitted.)  *Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1176 (*Hernandez*); *Reed v. Murphy* (1925) 196 Cal. 395, 399 ["if a consent judgment or decree is different from or goes beyond the terms of the

stipulation which forms its basis it may be set aside upon appeal or by other appropriate procedure, as it would not be in reality a consent judgment"].)

This agreement required no interpretation, nor were there any material disputed facts concerning the settlement and the parties' intent. (See *Hernandez*, *supra*, 126 Cal.App.4th at p. 1176.) Indeed, there is no question that the parties agreed to compromise the amount of attorney fees and costs incurred by Leeman in prosecuting the underlying case. As part of that agreement, the parties stipulated as a term of their settlement agreement and consent judgment that Leeman be awarded $72,500.00—a 30 percent reduction in the fees and costs actually incurred. Perhaps ironically, earlier in their negotiations, Leeman initially offered not to include a stipulated amount of attorney fees in the settlement agreement, and leave it to the court to set that amount. However, ultimately the parties compromised that portion of the settlement.

While the court has the authority to refuse to issue the requested consent judgment, what the court could not do in considering approval of a settlement under Code of Civil Procedure section 664.6 was to add to or modify an express term of the settlement. As pointed out by our Supreme Court in *California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658 (*CSAA*), under section 664.6, "Although a court may not add to or make a new stipulation without mutual consent of the parties [citation], it may reject a stipulation that is contrary to public policy [citation], or one that incorporates an erroneous rule of law [citation]." (*CSAA*, at p. 664.) The foregoing is precisely Leeman's position in this appeal. While the trial court could have rejected the settlement agreement as a whole, the court was not permitted to modify the existing settlement agreement without the mutual consent of the parties.

This division's decision in *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 illustrates this point. As part of the overall settlement agreement in that case, the parties agreed that the defendant would pay $4.75 million for attorney fees and costs, (*id*. at p. 1164), which the trial court approved. On appeal, counsel argued he should have been awarded $8.75 million in fees. (*Ibid*.) In answering this argument, this court implicitly acknowledged that even if we agreed that the amount of the attorney fees and costs was not fair and reasonable, we would not have discretion to modify any of term of the settlement agreement, including the terms with respect to attorney fees and costs, because if we did, "the settlement [would be] derailed." (*Ibid*.) This court reasoned, "The short of the matter is that, were we to accept Mr. Franklin's claim that the fees awarded him were inadequate, the effect would be to

6

*unwind a $37 million settlement agreement, reached after almost five years of litigation . . . .*" (*Ibid*.) Thus, this court acknowledged that if the amount of the attorney fees was changed, it would constitute a modification of the settlement agreement, something the court is not allowed to do without setting aside the entire settlement agreement.

We note that the court's authority under Code of Civil Procedure section 664.6 to either approve or disapprove a settlement agreement but not to modify its terms is consistent with Proposition 65. In this regard, Health and Safety Code section 25249.7, subdivision (f)(4) provides: "If there is a settlement of an action brought by a person in the public interest under subdivision (d), the plaintiff shall submit the settlement, other than a voluntary dismissal in which no consideration is received from the defendant, to the court for approval upon noticed motion, and the court may approve the settlement only if the court makes all of the following findings:

"(A) The warning that is required by the settlement complies with this chapter.

"(B) The award of attorney's fees is reasonable under California law.

"(C) The penalty amount is reasonable based on the criteria set forth in paragraph (2) of subdivision (b)."

The court in *Consumer Defense Group v. Rental Housing Industry Members* (2006) 137 Cal.App.4th 1185, summarized a court's obligation under this section by stating "the trial court *must look* at the three factors and if any of those factors are not present, it *can't* approve the settlement." (*Id.* at p. 1207, original italics.) Stated another way, the court held "[b]y its express terms, this statute limits trial courts from approving any settlement unless 'all of the following findings' are made." (*Id.* at p. 1208.) Consequently, under Health and Safety Code section 25249.7, subdivision (f)(4)(B), the trial court had the right to reject the settlement agreement in its entirety, and refuse to "approve the settlement" if the court determined that $72,500.00, the amount agreed upon by the parties for attorney fees and costs, was unfair or unreasonable under California law.[2] (*Ibid*.) However, we can find nothing in that section authorizing the court to modify any of the terms of the settlement agreement unilaterally, including the terms of the

---

[2] We note that under the guidelines interpreting this provision, "the fact that the defendant agreed to pay the fee does not automatically render the fee reasonable. The fact that the fee award is part of a settlement, however, may justify applying a somewhat less exacting review of each element of the fee claim than would be applied in a contested fee application." (Cal. Code Regs., tit. 11, § 3201.)

agreement with respect to attorney fees and costs, thus requiring the parties to accept a settlement to which they have not agreed.

Accordingly, the trial court erred in doing so here and the erroneous judgment must be vacated, and the matter returned to the trial court for further consideration.

## IV.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with instructions either to approve or reject the proposed settlement and consent judgment.[3] In the interest of justice the parties are to bear their own costs and attorney fees incurred on appeal.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
STREETER, J.

---

[3] While Leeman would prefer that we hold that the fee provision was reasonable and there was no substantial evidence supporting the modification, she also recognizes that we may simply choose to reverse the judgment and remand the matter back to the trial court with instructions either to approve or reject the proposed settlement and consent judgment. If upon remand the trial court decides not to approve the settlement because it considers the fee provision to be unreasonable, then the trial court is strongly encouraged to state its reasons for that conclusion.

Filed 5/21/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WHITNEY R. LEEMAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ADAMS EXTRACT & SPICE, LLC,<br><br>        Defendant and Respondent. | A142321<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-13-529493)<br>ORDER FOR PUBLICATION |

THE COURT:

The written opinion , which was filed on April 28, 2015, has now been certified for publication pursuant to rule 8.1105(c) of the California Rules of Court, and it is ordered published in the official reports.

DATED: _____        _____

                                                            RUVOLO, P. J.

| | |
|---|---|
| Trial Court: | San Francisco Superior Court |
| Trial Judge: | Hon. Ernest H. Goldsmith |
| Counsel for Appellant: | The Chanler Group, Clifford A. Chanler<br>California Appeals & Writs, Jacques LeBouef |
| Counsel for Respondent: | none on appeal; trial counsel only |

A142321, *Leeman v. Adams Extract & Spice, LLC*