Filed 8/16/19; Certified for Publication 9/10/19 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD A. MACHADO, as Trustee, etc., et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>BRYAN P. MYERS et al.,<br><br>    Defendants and Appellants. | D073824<br><br><br><br>(Super. Ct. No. 37-2014-00027033-CU-OR-NC ) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Reversed with directions.

Seltzer Caplan McMahon Vitek, Arezoo Jamshidi, and Jessica S. Doidge for Defendants and Appellants.

Galuppo & Blake, Andrew E. Hall, and Daniel T. Watts for Plaintiffs and Respondents.

Bryan and Jackie Myers (Appellants) appeal from a judgment entered after the trial court granted a motion for entry of judgment pursuant to the parties' stipulated settlement (Code Civ. Proc., § 664.6) and from a subsequent order denying their motion

to set aside or vacate the judgment (*id.*, §§ 473, subd. (d), 663).[1]  The settlement was intended to resolve a dispute between neighbors.  Appellants contend the judgment does not conform to the terms of the parties' stipulated settlement, which was entered orally before the court.  Edward and Zlaine Machado, as trustees of the Edward and Zlaine Machado Family Trust Dated June 30, 2003 (the Machados), plaintiffs below, contend Appellants' failure to comply with the terms of the settlement relieved them of their obligation to perform certain provisions originally contemplated in the parties' settlement, and thus the entry of a judgment modifying the original settlement terms was justified.  We conclude that the judgment entered pursuant to section 664.6 erroneously fails to conform to the terms of the parties' stipulated settlement agreement.  We therefore reverse the judgment and direct the trial court to enter a new judgment setting forth all the material terms of the parties' February 2, 2016 settlement agreement, as reflected in the record.[2]

FACTS

The case involves a dispute between neighbors.  Their homes sit on adjacent lots that were once part of a single parcel which, when subdivided, did not account for a five-

---

[1]    All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2]    In a separate appeal, Appellants challenge a postjudgment cost award entered in April 2018.  (*Machado, et al., v. Myers, et al.*, (Aug. 16, 2019, D074282) [nonpub. opn.].)  To the extent Appellants address the cost award in the present appeal, we consider those facts only as relevant to the issues raised herein—the direct appeal from the judgment and postjudgment order denying Appellants' motion to set aside or vacate the judgment.  On this basis, we grant Appellants' motion to augment the record and deny Respondents' motion to strike Appellants' opening brief.  We address Appellants' legal challenge to the costs award in D074282.

foot setback for a part of one home now owned by Appellants. The problematic property line has spawned a host of disputes between the neighbors involving encroaching tree roots and the placement of an air conditioning unit, fencing, and security cameras.

The Machados sued Appellants in 2014. The operative complaint asserts causes of action for nuisance, trespass, harassment, and violation of the right to privacy, among others. In February 2016, the case settled during a settlement conference on the eve of trial. The settlement terms were recited on the record, in open court. The parties acknowledged agreement to all terms.

The record reflects the following agreement:

"Number 1: [Air conditioning] unit on [Appellants'] property.

"1(a): [Appellants] will move the [air conditioning] unit from its current location to a location that is not on the east side of their property, north of the current back door, or the north side of their property.

"1(b): [Appellants] shall refrain from installing/operating other mechanical equipment in that area.

"1(c): The [Appellants] will move the [air conditioning] unit within 45 days at [Appellants'] expense.

"Number 2[:] Brazilian pepper trees.

"2(a): [Appellants] agree to remove the subject Brazilian pepper trees within 45 days at their expense.

[¶] . . . [¶]

"Number 4: Solar panels. [¶] Plaintiffs shall remove the existing solar panels on their duplex roof within 30 days at their expense.

"Number 5: Fence.

[¶] . . . [¶]

3

"5(b):  Fence near [air conditioning] unit:

        "5(b)(i):  This fence shall remain in its present location pursuant to the License Agreement stated below.

        "5(b)(ii):  As part of plaintiffs' construction of the concrete block fence, plaintiffs will extend the wood fence to the location of the new block wall.

        "5(b)(iii):  The fence in this location is the property of the plaintiffs; however, [Appellants'] facing shall remain.

"Number 6:  Surveillance Cameras:  [¶]  The [Appellants] agree to relocate the security cameras within 30 days at their expense in a manner so as not to give the appearance of pointing into the plaintiffs' property.

"Number 7:  License Agreement:

  "7(a):  Plaintiffs and [Appellants] will enter into a License Agreement that the parties will record with the County and that will run with the land.

        "7(a)(i):  The License Agreement will allow [Appellants] and their successors to use plaintiffs' property near the current location of the [air conditioning] unit.

        "7(a)(i)(1):  The parties will attach a survey and legal description to the License Agreement in order to accurately show the subject area.

        "7(a)(i)(2):  Other than the current facing, [Appellants] shall refrain from attaching anything further to the existing fence.

        "7(a)(i)(3):  The License Agreement shall contain a mediation provision in connection with future disputes.

        "7(a)(ii):  The License Agreement will be revocable upon certain conditions[:]  [(]Counsel will meet and confer on these terms and others regarding revocability[.)]

        "7(a)(ii)(1):  In the event [Appellants] or their successors install mechanical equipment in the subject area.

4

"7(a)(ii)(2): In the event [Appellants'] residence is demolished, improved, et cetera.

"7(a)(ii)(3): If City forces owner of [Appellants'] residence to remove the encroaching structure or conform with City setback requirements.

"And these are all things that counsel will meet and confer on as we prepare the License[] Agreement.

"7(a)(ii)(4)[:] other conditions that the counsel and the parties will meet and confer on in preparing the License Agreement.

"7(a)(ii)(5)[:] standard terms and conditions will be included.

"Number 8: The [Appellants'] payment to plaintiffs.

"8(a): [Appellants], through their insurance carrier, shall make payment to plaintiffs in the amount of $7500 within 30 days.

"Number 9: Upon completion of the settlement terms:

"9(a)[:] Machados, plaintiffs, will dismiss their First Amended Complaint with prejudice within 30 days upon execution of the settlement agreement.

"[9](b)[:] The parties will mutually release one another from all further claims regarding any of the currently existing conditions on the property.

[¶] . . . [¶]

"9(f)[:] [E]ach attorney [sic] shall bear its own attorney's fees and costs.

"9(g)[:] The court shall retain jurisdiction under 664.6 to enforce the terms of the settlement agreement."

Each party and their attorneys acknowledged on the record they understood and agreed to be bound by these settlement terms. The Machados' counsel expressly

5

acknowledged the agreement that each party would bear its own attorney fees and costs and agreed to waive a previously submitted cost bill.

The settlement, unfortunately, did not end the neighbors' dispute. In June, the Machados moved ex parte for a temporary restraining order to prevent Appellants from continuing to operate the air conditioner, which had not been moved despite Appellants' commitment to do so in the settlement. The court denied the ex parte application but set a date to hear a motion to enforce the settlement.

The Machados moved to "compel compliance with [the] settlement agreement" under section 664.6.[3] In support of their motion, they submitted a proposed judgment which generally tracked the terms of the parties' oral settlement agreement, as reflected in the record. An introductory paragraph of the proposed judgment stated Appellants had violated the agreement: "[The parties' oral settlement] agreement required [Appellants] to act within 45 days to relocate an air conditioning unit on their property, a legal description of which follows. [Appellants] did not so act, and thus violated the settlement agreement. [Appellants] also failed to relocate one or more security cameras, . . . and failed to cease operation of the air conditioning unit, constituting additional violations of the agreement."

Appellants did not oppose the Machados' section 664.6 motion. However, they filed a "notice of compliance with settlement terms," signed by their attorney, which

---

[3]     The moving papers were entitled, "Plaintiffs' notice of CCP § 664.6 motion and motion to comply [sic] compliance with settlement agreement, and for CCP § 128.5 sanctions." The trial court denied the Machados' request for sanctions.

6

stated that the subject trees had been removed, the air conditioning unit had been relocated, the security cameras had been repositioned, and the $7,500 payment had been made, all pursuant to the terms of the settlement agreement.[4]

After hearing argument on the motion, the trial court took the matter under submission.[5] In August, the trial court granted the motion under section 664.6. In a minute order, the court found the parties had entered into an enforceable settlement agreement on the record and Appellants "did not abide by the terms of the settlement." The minute order did not identify the terms of the parties' settlement agreement, nor did it direct the parties to submit a judgment. The court did not enter judgment at that time.

In November, the parties filed status reports. Appellants represented that the parties' obligations under the settlement agreement had been met, with the exception of reaching an agreement on the terms of the license agreement. The Machados, however, averred that Appellants continued to violate the settlement agreement and engaged in "acts of contempt." In particular, the Machados averred that two security cameras still gave the appearance of being pointed toward the Machados' house; Appellants had erected a 9 foot high, 40 foot long canvas barrier between the properties; and Appellants had improved their residence by installing a patio cover and awnings, an automatic

---

[4] The notice of compliance was filed after the time to file responsive papers had passed. The Machados objected to Appellants' notice. The order granting the Machados' motion did not indicate that the trial court declined to consider the Appellants' late-filed notice of compliance; however, the trial court did describe the motion as "unopposed." (Cal. Rules of Court, rule 3.1300(d) ["If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate."].)

[5] No transcript of this hearing was included in the record.

7

sliding driveway gate, a new front door with surrounding new windows, a new front gate, and a new side-yard fence. The Machados argued that these improvements triggered their ability to revoke any license agreement. Finally, the Machados reported that it was Appellants' fault the parties had so far failed to execute a recordable license agreement because Appellants refused to confer in good faith regarding additional conditions upon which the Machados could revoke the license agreement.

The parties appeared for a status conference. Although no transcript of the conference appears in the record, a minute order reflects that the court conferred "with counsel and the parties regarding outstanding settlement terms." In a subsequent filing, Mr. Machado reported that, at the status conference, the Machados had offered to purchase Appellants' property. The purchase was not consummated, but the parties continued negotiations, during which Appellants considered moving the fence to the property line in exchange for the Machados releasing the lis pendens on Appellants' property.

According to Mr. Machado, negotiations ended "abruptly" when, in November 2017, Appellants—represented by new counsel—filed their own motion to enforce the settlement agreement pursuant to section 664.6. Appellants contended in their motion that the Machados were unwilling to negotiate regarding terms of the license agreement, which, though revocable under certain conditions, was part of the parties' settlement agreement. Appellants' motion was scheduled for hearing on January 26, 2018.

The Machados responded in December 2017 by filing an application to enter judgment pursuant to the court's 2016 order granting their section 664.6 motion. In their application to enter judgment, the Machados stated they had not submitted a judgment for entry immediately after their section 664.6 motion was granted because they believed it would disrupt their continued good faith efforts to negotiate a resolution of the parties' dispute. However, faced with Appellants' motion, they now sought entry of judgment.

The Machados argued that, based on the trial court's prior finding that Appellants " 'did not abide by the terms of the settlement agreement,' " any further performance by the Machados—including entering into the license agreement that would allow the fence between the properties to remain in place—was therefore excused. The Machados submitted a proposed judgment "on stipulation" they claimed reflected the terms of the parties' oral settlement agreement recited on the record before the court with one exception: it omitted any reference to the license agreement. The Machados contended this omission was warranted because Appellants' alleged breach excused their performance as to the licensing agreement.

Seven days after the Machados submitted their application for judgment, the trial court entered the requested judgment.[6]

Appellants applied ex parte to vacate the judgment, and when that application was denied, they filed a noticed motion to set aside the judgment (§ 473, subd. (d)) or in the

_____

[6]    On December 20—one day before judgment was entered—Appellants' counsel attempted to schedule an ex parte hearing to convert the application to a noticed motion; however, judgment was entered before the ex parte hearing, scheduled for January 3, 2018, occurred.

9

alternative to vacate the judgment and enter a different judgment (§ 663).[7] Appellants argued that entry of a judgment that did not conform to the parties' settlement agreement was error under section 664.6. The judgment should be set aside pursuant to section 473, subdivision (d), either because the nonconformity was due to clerical error or because the judgment was "void." Otherwise, the judgment should be vacated pursuant to section 663 because it had an incorrect legal basis and was inconsistent with or unsupported by the facts.

In opposition, the Machados argued that Appellants had not objected to the proposed judgment or the arguments offered in the application prior to the entry of judgment and, "even assuming arguendo there ever was an obligation to enter into a license agreement, that obligation was excused upon the finding in the [August 2016] Order that [Appellants] breached the settlement agreement."

At the hearing on Appellants' set-aside motion, the Machados' counsel argued that entry of judgment was warranted because their section 664.6 motion was properly noticed and served, and Appellants did not oppose it or object to the order granting it. The trial court indicated that, if the terms of the judgment did not track the settlement, Appellants should have "opposed that." The trial court denied the motion. Appellants timely appealed the judgment and the postjudgment order denying their motion to set aside or vacate the judgment.

---

7    Appellants' notice of motion was filed on January 12, 2018, which is 15 days from the date of service of the written notice of entry of judgment (December 28, 2017). (§ 663a, subd. (a)(2).) A valid motion to vacate the judgment extends the time to appeal the underlying judgment. (Cal. Rules of Court, rule 8.108(c).)

DISCUSSION

I.

*The Machados' Motion to Dismiss the Appeal Is Denied*

The Machados contend the appeal must be dismissed because the judgment is a "stipulated judgment" and as such is not appealable. We denied the Machados' previous motion to dismiss this appeal which was premised on the same argument, and we again reject the argument.

As a general rule, stipulated judgments are not subject to review on appeal. (*Howeth v. Coffelt* (2017) 18 Cal.App.5th 126, 131 [consent judgments are not appealable].) Here, the judgment was titled as a judgment "on stipulation."[8] Despite this title, characterizing the judgment as a stipulated judgment would elevate form above substance, which we do not do. (*Brown v. Wells Fargo Bank, NA* (2012) 204 Cal.App.4th 1353, 1356 ["On appeal, the substance and effect of the order controls, not its label."]; Civ. Code, § 3528 ["The law respects form less than substance."].) As discussed in section III *post*, the judgment entered is different from the terms of the parties' stipulated settlement, entered orally before the trial court in February 2016, and as such is not "in reality a consent judgment." (*Reed v. Murphy* (1925) 196 Cal. 395, 399 ["if a consent judgment or decree is different from or goes beyond the terms of the stipulation which forms its basis, it may be set aside upon appeal or by other appropriate

_____

8    The Machados obtained a judgment using the form approved by the Judicial Council of California, form JUD-100, entitled, "Judgment." The Machados checked the box that states, "On Stipulation" before submitting it for the court's consideration and eventual approval.

11

procedure, as it would not be in reality a consent judgment"]; see *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359 [stipulated settlement that waived rights to appeal "did not preclude an appeal to determine whether or not the judgment was authorized by the stipulation"].)  The judgment is thus appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1), and the postjudgment order denying relief is appealable pursuant to section 904.1, subdivision (a)(2).  We deny the Machados' motion to dismiss the appeal.

## II.

### *The Trial Court Did Not Err in Granting the Machados' 2016 Motion*

### *Pursuant to Section 664.6*

Judgment was entered pursuant to the court's 2016 order granting the Machados' section 664.6 motion.  Section 664.6 provides:  "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment *pursuant to the terms of the settlement*.  If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement" (italics added).

"The statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive.  It is merely an expeditious, valid alternative statutorily created." (*Nicholson v. Barab* (1991) 233 Cal.App.3d 1671, 1681.)  "Even though it is not exclusive, [section 664.6] is intended to provide a means for enforcing an agreement that requires nothing more than a single motion."  (*In re Marriage of Woolsey* (2013)

12

220 Cal.App.4th 881, 898.)  " 'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment [citations], nothing in section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon.' "  (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360; accord *Bowers v. Raymond J. Lucia Companies, Inc.* (2012) 206 Cal.App.4th 724, 732.) As such, "[t]he power of the trial court under Code of Civil Procedure section 664.6 . . . is extremely limited.  [¶] . . .  The court is powerless to impose on the parties more restrictive or less restrictive or different terms than those contained in their settlement agreement."  (*Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1176 (*Hernandez*).)

A trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 are subject to limited appellate review and will not be disturbed if supported by substantial evidence.  (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162.)  "To the extent we engage in the proper interpretation of section 664.6, however, we exercise our independent review."  (*Elnekave v. Via Dolce Homeowners Association* (2006) 142 Cal.App.4th 1193, 1198; accord *J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 984 [factual determinations are reviewed on appeal for substantial evidence, while legal questions, including "whether the granting of plaintiffs' motion satisfied the strict requirements of [section 664.6]," are reviewed de novo].)

The Machados moved, pursuant to section 664.6, for an order compelling Appellants to comply with the parties' oral settlement agreement.  Appellants did not

13

oppose the motion. The trial court determined that the parties entered an enforceable settlement agreement orally before the court and granted the section 664.6 motion.

Although neither party challenges the court's ruling that the parties entered into an enforceable settlement agreement, the Machados alleged in their pleadings before the trial court that there was no "meeting of the minds" with respect to one aspect of the settlement agreement (the license agreement). We therefore address the threshold issue of whether the parties have an enforceable agreement under section 664.6 to avoid disputes regarding this issue during any postjudgment enforcement proceedings.

Based on our review of the record and consideration of the trial court's authority under section 664.6, we conclude the court correctly determined that the parties entered into a valid and binding settlement, and thus did not err in granting the motion for entry of judgment pursuant to section 664.6. All material terms were recited on the record before the trial court in February 2016, and the parties agreed to be bound by those terms following an inquiry from the court. Each side asked the court to enter judgment pursuant to section 664.6, further demonstrating that both sides agree the terms recited on

14

the record in February 2016 were sufficiently firm and definite to be enforceable by the court.[9]

III.

*The Judgment That Was Actually Entered Is Not Consistent with the Terms of the Parties'*

*Settlement and Thus Violates Section 664.6*

Although we have determined the trial court properly granted the section 664.6 motion, we conclude the trial court erred when it ultimately entered a judgment that was different from the terms of the parties' stipulated settlement agreement. (*Hernandez*, *supra*, 126 Cal.App.4th at p. 1176 ["The court is powerless to impose on the parties more restrictive or less restrictive or different terms than those contained in their settlement agreement."].)

Under section 664.6, the Machados were entitled to judgment "pursuant to the terms of the settlement" (§ 664.6), and nothing more. "The power of the trial court under Code of Civil Procedure section 664.6 . . . is extremely limited." (*Hernandez*, *supra*, 126 Cal.App.4th at p. 1176.) "[T]he trial court is under a duty to render a judgment that

---

9     To the extent the Machados now claim the provision regarding a license agreement was not sufficiently specific to be enforceable and binding, we reject that contention. The parties' agreement to "meet and confer" regarding conditions for revocation of the license agreement does not render the agreement unenforceable. The parties' agreement enumerated various conditions for revocation and contemplated only that the parties would "meet and confer" on these conditions, and neither party contends an " 'essential element' " of the agreement was reserved for future agreement. (*Coleman Engineering Co. v. North American Aviation, Inc*. (1966) 65 Cal.2d 396, 405; see also *Copeland v. Baskin Robbins U.S.A*. (2002) 96 Cal.App.4th 1251, 1256 ["where any of the essential elements of a promise are reserved for the future agreement of both parties, no legal obligation arises 'until such future agreement is made' "].)

is in exact conformity with an agreement or stipulation of the parties. 'If interpretation of a stipulation is in order the rules applied are those applied to the interpretation of contracts. [Citations.] It is not the province of the court to add to the provisions thereof [citations]; to insert a term not found therein [citations]; or to make a new stipulation for the parties.' " (*Jones v. World Life Research Inst.* (1976) 60 Cal.App.3d 836, 840; see also *Leeman v. Adams Extract & Spice, LLC* (2015) 236 Cal.App.4th 1367, 1375 (*Leeman*) ["[W]hat the court could not do in considering approval of a settlement under Code of Civil Procedure section 664.6 was to add to or modify an express term of the settlement."]; *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1185 & fn. 10 (*Hines*) [reversing judgment that "states some of the settlement terms, but omits others," with directions to "enter a new judgment pursuant to the terms of the settlement" despite fact that appellant did not argue in her opening brief that the judgment was incomplete and despite noting that some of the omitted terms "apparently are moot"]; *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810 [a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment, but nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms the parties themselves have previously agreed upon].)

Here, more than a year after the trial court granted the Machados' section 664.6 motion, the Machados filed an application for entry of judgment, which was promptly

entered by the court.[10]  But rather than reflecting the terms of the parties' agreement, the judgment entered improperly modified the settlement terms.  These modifications were made in connection with the Machados' argument—asserted for the first time in the application to enter judgment—that the Machados were relieved from any obligation to enter a license agreement because of Appellants' purported breaches.

The judgment entered omitted any reference to the parties' obligation to enter a license agreement.  In addition, the judgment entered omitted the Machados' obligation to remove certain solar panels, the parties' agreement to each bear their own attorney fees and costs, the agreement that the court would retain jurisdiction under section 664.6 to enforce the terms of the settlement agreement, and the mutual release of claims contemplated to occur upon the completion of the settlement terms.

Other settlement agreement terms appeared in the judgment with modifications.  For example, with respect to the settlement term regarding relocating the air conditioning unit, whereas the parties agreed that Appellants would "move the [air conditioning] unit from its current location" and would "refrain from installing/operating mechanical equipment in that area," the judgment designates an air conditioning "[r]elocation [a]rea" and states that Appellants must "refrain from installing/operating other mechanical equipment anywhere on [Appellants' property] except within the [air conditioning] [r]elocation [a]rea."

_____

10    The Machados' application for entry of judgment was premised exclusively on the court's order granting their prior section 664.6 motion (including the court's statement that Appellants "did not abide by the terms of the settlement") and specified no alternative authority for the entry of judgment.

17

With respect to the fence near the air conditioning unit, which the parties agreed "shall remain in its present location pursuant to the License Agreement stated below," the judgment provided:

> "Fence to be Built on [the Machados'] Property:
>
> "a. [The Machados], at their expense, shall immediately be permitted to build a new fence of their choosing, in their absolute and sole discretion, on the [Machado Property] up to the property line as depicted and defined in the survey attached . . . .
>
> "b. [Appellants] shall refrain from interfering with the moving and/or construction of the fence up to the subject property line.
>
> "c. [Appellants] shall immediately remove all of their personal property from the [Machado property]."

The judgment entered is different from the parties' settlement agreement. As such, it runs afoul of section 664.6, which allows for entry of judgment "*pursuant to the terms of the settlement*." (§ 664.6, italics added.) The judgment must therefore be reversed.

A. *Appellants Did Not Forfeit Their Challenge to the Judgment*

The Machados argue Appellants "waived" any challenge to the judgment by failing to oppose the section 664.6 motion and by failing to object to the judgment until after it was entered.[11] We reject both arguments.

By failing to oppose the section 664.6 motion, Appellants did not forfeit (or waive) their objections to the judgment ultimately entered because the judgment entered did not conform to the terms of the parties' settlement agreement; nor did the judgment

---

[11] "Over the years, cases have used the word [waiver] loosely to describe two related, but distinct, concepts." (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371.) However, "losing a right by failing to assert it [is] more precisely called forfeiture" while "intentionally relinquishing a known right" is a "waiver." (*Ibid*.)

18

entered conform to the judgment initially proposed when the Machados filed their section 664.6 motion in July 2016. The most obvious difference between the judgment proposed then and the judgment ultimately entered in December 2017 is that the judgment entered completely omitted any reference to the license agreement, while the 2016 proposed judgment referred to the fence and the license agreement as follows: "The fence near the air conditioning unit on the Machado Parcel shall remain in the location it occupied on February 2, 2016, provided the parties execute a License Agreement on the terms stated on the record at the February 2, 2016 settlement conference."

There are other notable differences between the originally proposed and entered judgments. For example, the proposed judgment included the Machados' obligation to remove solar panels from the house on their property, while the final judgment omitted any reference to this obligation. With respect to the relocation of the air conditioning unit, the proposed judgment provided—consistent with the parties' oral agreement—that, "At [Appellants'] expense, [Appellants] must relocate the air conditioning unit on the [Appellants' property] no later than 45 days after entry of this judgment to a location that is not (a) on the east side of the [Appellants' property], or (b) north of the current back door to the house on the [Appellants' property], or (c) the north side of the [Appellants' property]." It further provided, "[Appellants] are immediately and forever restrained from operating the air conditioning unit on the [Appellants' property] until the air conditioning unit is relocated pursuant to this judgment." The final judgment, however, attached a document depicting an air conditioning "[r]elocation [a]rea" and restrained

19

Appellants from operating mechanical equipment anywhere on their property except within the air conditioning "[r]elocation [a]rea."

The 2016 proposed judgment contemplated the court would retain jurisdiction under section 664.6 "to enforce the terms of this [proposed] judgment and settlement." It also included the parties' mutual release of claims. The final judgment omitted these terms.

Because the judgment entered varies so materially from the parties' settlement agreement and from the proposed judgment submitted in 2016 in connection with the Machados' section 664.6 motion, we conclude that by failing to oppose the section 664.6 motion, or to object to the judgment then proposed, Appellants did not forfeit the arguments now asserted in opposition to the judgment ultimately entered.

Nor is Appellants' failure to object to the application for entry of judgment filed in December 2017 dispositive. Under court rules, a party generally has 10 days to submit objections to a proposed judgment. (See Cal. Rules of Court, rule 3.1590(j).) Here, the trial court entered the requested judgment only seven days after the Machados submitted their application for entry of judgment—before Appellants had the opportunity to lodge objections, file opposition papers, or appear for their ex parte hearing.[12]

---

12    The Machados filed and served the proposed judgment "on stipulation" on December 14 with their application for entry of judgment. The court entered judgment seven calendar days later, on December 21.

20

B. *The Judgment Entered Exceeded the Trial Court's Authority to Resolve Reasonable Disputes over the Terms of the Settlement Agreement*

The Machados contend the judgment should be affirmed because it "explains which settlement terms have been performed, which have not, and which do not need to be performed." Therefore, the Machados argue, the judgment was an appropriate exercise of the trial court's authority under section 664.6 to resolve the parties' reasonable disputes over the terms of the settlement agreement in order to finally dispose of the settlement agreement.

We agree the trial court is empowered under section 664.6 to resolve reasonable disputes over the terms of the settlement. (See *In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224, 1236.) Here, however, it was not the terms of the settlement agreement that were in dispute. What was disputed was whether Appellants' actions constituted a material breach of the agreement such that the Machados were relieved from performing their obligations under the agreement (or, alternatively, whether the Machados were empowered to revoke the contemplated license agreement). These disputes are not relevant to the entry of judgment pursuant to section 664.6. (*Hines*, *supra*, 167 Cal.App.4th at p. 1185 ["a party moving for the entry of judgment pursuant to a settlement under Code of Civil Procedure section 664.6 need not establish a breach of contract to support relief under the statute"].)

Disputes regarding the Machados' compliance with the settlement agreement may be relevant to the *enforcement* of the judgment, once entered, but the parties did not

21

properly seek this type of relief from the court here.[13]  Instead, the trial court was asked to enter judgment "pursuant to the terms of the settlement" under section 664.6.  Having granted that request in August 2016, the trial court could not later omit or modify some of those same terms from the parties' agreement.  (*Leeman*, *supra*, 236 Cal.App.4th at pp. 1374-1375 ["This agreement required no interpretation, nor were there any material disputed facts concerning the settlement and the parties' intent.  [¶] . . .  While the court has the authority to refuse to issue the requested consent judgment, what the court could not do in considering approval of a settlement under [section] 664.6 was to add to or modify an express term of the settlement."].)

Moreover, resolving allegations that Appellants breached their obligations on the Machados' *application*, without affording Appellants an adequate opportunity to respond or be heard, was erroneous.  Specifically, Appellants were not provided an adequate opportunity to be heard regarding the Machados' contention, asserted for the first time in their December 2017 application, that Appellants breached the settlement agreement, or that their actions permitted the Machados to revoke the parties' contemplated license agreement.  Although the 2016 minute order granting the Machados' section 664.6

---

[13]    Trial courts have the inherent authority to enforce their rulings.  (See, e.g., *Security Trust & Savings Bank v. Southern Pac. R. Co.* (1935) 6 Cal.App.2d 585, 588 ["It is a well-established principle of law that a court possesses inherent power to enforce its judgments."]; §§ 128, subd. (a)(4) [court has inherent power to compel obedience to the court's judgments, orders, and process in any pending action], 717.010, and 1209, subd. (a)(5) [nonmonetary judgments are enforceable by invoking the trial court's contempt powers].)  As we discuss *post*, it may be appropriate for the court to consider these enforcement issues on remand but it was premature for the court to do so based on the procedural posture of the case and the scope of the relief requested by the Machados pursuant to section 664.6.

22

motion briefly noted Appellants "did not abide by the terms of the settlement," a finding that a party failed to abide by certain settlement terms does not necessarily support a finding the party materially breached the parties' agreement. (See *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277-278 [one party's material breach of contract may relieve the other party from its duty to perform under a contract; question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact].) Only a material breach by Appellants would discharge the Machados from their duties to perform under the agreement. (*Ibid*.) Moreover, the parties contemplated their license agreement would contain a mediation provision "in connection with future disputes," a process that apparently never took place. Thus, the 2016 minute order does not support the subsequent, more expansive, findings in the judgment that Appellants breached the settlement, and that the Machados are excused from further performance.

In sum, there were no disputes regarding the material terms of the parties' agreement recited on the record in February 2016, and the actions taken by the court in entering judgment exceeded the actions it was authorized to take based on the specific request for entry of judgment under section 664.6 that was before the court.

IV.

*Appellants Were Not Entitled to Set Aside the Judgment Under Section 473 but Were*

*Entitled to Relief Under Section 663*

Appellants moved to set aside the judgment pursuant to section 473, subdivision (d), or in the alternative, section 663. We conclude the trial court did not err

23

in denying Appellants' motion under section 473, subdivision (d); however, Appellants were entitled to relief under section 663.

A. *Section 473, Subdivision (d)*

Section 473, subdivision (d), provides, "[t]he court may, upon motion of the injured party, or its own motion, correct *clerical mistakes* in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any *void* judgment or order" (italics added). Appellants contend the trial court committed a clerical error by entering a judgment pursuant to section 664.6 that did not conform to the parties' settlement agreement. We disagree.

"The difference between judicial and clerical error rests not upon the party committing the error, but rather on whether it was the deliberate result of judicial reasoning and determination. The distinction between clerical error and judicial error is whether the error was made in rendering the judgment, or in recording the judgment rendered." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238 (*Rochin*); *Estate of Eckstrom* (1960) 54 Cal.2d 540, 545 ["clerical errors do not include those made by the court because of its failure to correctly interpret the law or apply the facts"].) Had Appellants shown the judgment entered by the trial court inadvertently did not match the terms of the settlement, they could have sought relief under section 473, subdivision (d). (*Ames v. Paley* (2001) 89 Cal.App.4th 668, 672-674 [trial court has the authority to correct section 664.6 judgment to conform to the intended settlement terms].) But Appellants were not asking the trial court to modify clerical errors in the judgment.

24

They were asking the court to correct the language of the judgment which the court *intentionally* adopted. A trial court "may not amend a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error." (*Rochin*, at p. 1238; *Estate of Burnett* (1938) 11 Cal.2d 259, 262 [trial court has no power to amend its decision where the error is inherently judicial rather than clerical or inadvertent].) Because the judgment entered was the judgment the Machados requested upon application to be entered, the error in the judgment (its failure to reflect all the terms of the parties' agreement) was judicial, not clerical, and section 473, subdivision (d) was not an appropriate mechanism to remedy the trial court's error here.

Appellants alternatively argue the trial court should have set aside the judgment because it is void. Appellants argue, mistakenly, that the judgment is void because the trial court "exceeded its authority" in entering it. Appellants overlook the distinction between void and voidable judgments. If a court lacks "fundamental authority over the subject matter, question presented, or party," the judgment it renders is void; however, if a court "merely act[s] in excess of its jurisdiction or defined power," the judgment it renders is voidable. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56; see also *Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 974-975 [a default judgment entered in violation of section 580 (which limits relief to the amount stated in the complaint) is also void, "because it is beyond the court's jurisdiction to enter such a judgment"]; *Lee v. An* (2008) 168 Cal.App.4th 558, 566 ["Where, as here, the court has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is voidable, not void."].) Here, the trial court had authority over the subject matter, the

25

question presented, and the parties, yet acted in excess of its defined power by entering a judgment inconsistent with the terms of the settlement. Thus, there is no basis to conclude the judgment is void, rather than voidable, and Appellants were not entitled to relief from a void judgment under section 473, subdivision (d).

B. *Section 663*

Appellants alternatively argue the trial court should have vacated or set aside the judgment under section 663, which provides in part that "[a] judgment or decree, when based upon a decision by the court, . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] . . . [i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . ." (§ 663, subd. (1).) We agree.

Section 663 "is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.) A section 663 motion is properly "made whenever the trial judge draws an incorrect legal conclusion or renders an erroneous judgment upon the facts found by it to exist." (*County of Alemeda v. Carleson* (1971) 5 Cal.3d 730, 738; see *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 14 (*Plaza Hollister*) [" 'section 663 is a remedy to be used when a trial court draws incorrect

26

conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence' "].)

Here, the stipulated agreement of the parties, entered orally on the record before the court in 2016, formed the basis for the trial court's entry of judgment pursuant to section 664.6. The terms of that agreement are undisputed, yet the trial court entered a judgment that failed to reflect those terms. The trial court thus entered an erroneous judgment on the basis of uncontroverted evidence. As such, Appellants were entitled to relief under section 663, and the trial court abused its discretion in denying such relief. (*Plaza Hollister*, *supra*, 72 Cal.App.4th at p. 14 [relief under section 663 may be granted upon a showing of an error of law based on uncontroverted evidence].)

The Machados assert that Appellants were procedurally barred from relief under section 663 for two reasons. First, they contend Appellants failed to comply with section 663a, subdivision (a), which requires a party "intending to make a motion to set aside and vacate a judgment . . . [to] file . . . a notice of his or her intention, designating the grounds upon which the motion will be made, and specifying the particulars in which the legal basis for the decision is not consistent with or supported by the facts . . . ." Along with their motion, Appellants filed a notice of motion that designated the grounds on which the motion was made and specified the legal and factual basis for Appellants'

27

arguments.[14] The Machados provide no authority to support the position that this notice of motion cannot suffice as a "notice of intention" for purposes of section 663a, subdivision (a), and we conclude that, here, it did suffice because it adequately "designat[ed] the grounds upon which the motion" would be made and "specif[ied] the particulars in which the legal basis for the decision" was erroneous. (§ 663a, subd. (a); see also *Fredrickson v. Superior Court of San Francisco* (1952) 38 Cal.2d 593, 598-599 [a defect in the notice of motion under section 473 may be forfeited by the opposing party who participates in the hearing on the motion without objection].)

Second, the Machados assert that the submission of "another and different judgment" is a statutory prerequisite to relief under section 663, and Appellants' failure to file an alternative judgment bars relief. The Machados provide no authority for the position that filing a separate, alternative judgment is required by section 663; *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, the only case cited, is not authority for this position. The Machados rely on a statement from *Ryan* that the fact that "the [section 663] motion did not *seek entry* of a judgment different from the one that was entered" may bear on

14     The notice of motion indicated Appellants were seeking relief "on the ground that the court should vacate the Judgment and enter a different judgment because the legal basis for the Judgment is incorrect or erroneous and not consistent with the facts for the following reasons: (1) the Judgment entered is inconsistent with the relief requested in Plaintiffs' Motion for Enforcement and the Court's Order thereon; (2) a judgment entered pursuant to a stipulation of the parties that goes beyond the terms of the parties' stipulation is void and may be set aside; and, (3) the Court has exceeded its authority under Code of Civil Procedure section 664.6 by entering a Judgment which modifies and omits terms of the parties' settlement agreement." The notice of motion was accompanied by a memorandum of points and authorities further explaining the basis for the requested relief under section 663.

28

whether the motion was proper.  (*Id*. at p. 128, fn. 2 [holding an order denying a section 663 motion is appealable even if it raises issues that could have been litigated via an appeal of the judgment], italics added.)  Seeking entry of a different judgment is not necessarily the same thing as submitting a physical copy of the proposed alternative judgment.  A party can seek entry of a different judgment by describing what they are requesting, particularly where the nature of their request is clear.  Here, Appellants' section 663 motion clearly sought entry of a judgment different from the one that was entered and specifically requested "entry of judgment according to the terms of the parties' settlement as read into the court's record on February 2, 2016."  We thus reject the Machados' procedural challenges to Appellants' section 663 motion.

## V.

### *Procedure on Remand*

Because the judgment entered states some of the settlement terms but omits or modifies others, it fails to accurately reflect the terms of the parties' settlement agreement and therefore fails to comply with section 664.6.  (§ 664.6 [court "may enter judgment pursuant to the terms of the settlement"]; *Hernandez, supra*, 126 Cal.App.4th at p. 1176 ["The court is powerless to impose on the parties more restrictive or less restrictive or different terms than those contained in their settlement agreement."].)  The court previously concluded the parties entered into a valid and binding settlement agreement, and we agree the parties' settlement agreement, which was entered on the record before the trial court in February 2016, is valid under section 664.6.  Thus, on remand the trial court should enter a new judgment, setting forth all the material terms of the parties'

29

settlement agreement.  Pursuant to the parties' settlement agreement, the trial court shall retain jurisdiction under section 664.6 to enforce the agreement.  Thus, after entry of judgment, the trial court may, in accordance with applicable rules of procedure, exercise its inherent and statutory authority to enforce the judgment, including making determinations, as appropriate, regarding breach, materiality, and excuse from performance.  We express no opinion on how the trial court should resolve such claims in the exercise of its authority.

## DISPOSITION

The judgment is reversed with directions to enter a new judgment setting forth all the material terms of the parties' February 2, 2016 settlement agreement, as reflected in the record.  Appellants are entitled to costs on appeal.

GUERRERO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

30

Filed 9/10/19

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDWARD A. MACHADO, as TRUSTEE, etc. et al., | D073824 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2014-00027033-CU-OR-NC) |
| BRYAN P. MYERS et al., | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendants and Appellants. | |

THE COURT:

The opinion in this case filed August 16, 2019, was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

O'ROURKE, Acting P. J.

Copies to: All parties

2